## ANDERSON v. EASTON & SON.

1. EVIDENCE: DEPOSITIONS. Depositions taken out of the State must be taken on commission, and not on notice. But when the deposition can be taken in the county of the trial, no commissioner is necessary, notwithstanding the witness is a resident of another state.

2. RECORD: CHANCERY. The record in a chancery cause, tried by the first method for the trial of equitable actions, should show, either by record entry, or the certificate of the judge or clerk, that it contains all the evidence, in order to enable an appellant to have a trial *de novo* in this Court.

*Appeal from Winnesheik District Court.*

FRIDAY, APRIL 15.

PETITION by plaintiff, as the vendee of certain real estate, to set aside the title bond, received from the defendants, on the ground of mistake.

The cause was tried, according to the first method, for the trial of equitable issues (Rev., § 2999), and a decree rendered for the plaintiff. Defendants appeal.

*E. E. Cooley* for appellants.

*L. Bullis* for appellee.

DILLON, J.—I. In the District Court the defendants moved to suppress the deposition of the plaintiff, "Peter Anderson, and of Ole Gildbrandson, on file in this cause, on the ground that they were, at the time of the taking of their said depositions, non-residents of this State, and residents of the State of Minnesota; and that, therefore, their depositions should be taken under and by virtue of a commission, to be issued out of this Court." The fact of the non-residence of the said witnesses was duly shown by an affidavit, filed in support of the motion.

This action was pending in the county of Winnesheik. The deposition of Ole Gildbrandson is not contained in the record before us; nor does any part of the record disclose what became of the deposition. But the deposition of Peter Anderson is contained in the record, which shows that it was duly taken by and before the Clerk of the District Court of Winnesheik county, on notice. The ground of appellant's motion is, that the Court should have suppressed the deposition, because it was not taken on commission, inasmuch as the witness resided in another State; and we are referred to section 4065 of the Revision, and to *Fabian* v. *Davis*, 5 Iowa, 457.

Neither the statute or the case cited supports the appellant's view. If the deposition had been taken out of the State, it must have been done by commission, and not on notice. But when the deposition is taken in the county of the trial, as in this instance, no commission is necessary. Depositions taken on notice, when both parties can be present, or be represented by their attorneys, are much more satisfactory than when taken in their absence by a commissioner or officer on written interrogatories; and as we can see no reason for giving the statute the construction contended for by the appellant, the ruling of the District Court on this point is affirmed.

II. The appellant next maintains, that the decree was erroneous upon the merits of the cause. The state of the record does not permit us to make this inquiry, inasmuch as it not only does not appear, in any manner, that we have all the testimony before us, but it affirmatively appears, that a portion of the testimony, viz.: the deposition of Ole Gildbrandson, which the Court refused to suppress, is not certified to this Court.

Either the record entry, or a certificate of the judge, should specify on what testimony the cause was heard; or the certificate of the clerk should, in substance, state that the transcript contains all of the evidence, in order to enable an appellant in a chancery cause to have, in this Court, a trial *de novo*, on the law and facts.

When, as in this case, it does not appear that we have before us all the evidence, the presumption is, that the decree below was warranted by the testimony. *Ticonic Bank* v. *Harvey et al., infra; Garner* v. *Pomeroy*, 11 Iowa, 149; *Cook* v. *Woodbury County*, 13 Id., 21.

Decree affirmed.