## WETHERELL v. GOODRICH.

Practice: DEFECTIVE TRANSCRIPT. A chancery cause will not be reviewed upon a transcript accompanied by some loose and detached depositions in the original form, with a certificate of the clerk, that it "contains the original depositions in said cause."

*Appeal from Marshall District Court.*

FRIDAY, JULY 12.

PRACTICE: DEFECTIVE TRANSCRIPT. For facts, see opinion. Defendant appeals.

*L. A. Griswold* for the appellant.

*Boardman & Brown* for the appellee.

DILLON, J.—The original petition in this case sought a recovery for certain millinery goods sold by the plaintiffs, as merchants, and purchased, as it is alleged, by the defendant's wife, as his agent. The

PRACTICE: defective transcript.

plaintiffs afterward filed an amended petition in equity, against defendant and against his wife, to recover for the same goods. The husband answered, denying all liability and setting up a cross claim. Evidence was taken, and the cause heard on the equitable petition and answer thereto. The bill was dismissed as to the wife, and plaintiff had a decree against the husband, who appeals. There was no finding of facts by the court.

Plaintiffs insist that the decree below must stand, because there is no certificate of the judge or clerk, and no agreement of the parties, that the transcript contains all of the evidence used on the trial. Upon examining the record, we find that this objection is well taken. There is no record entry showing upon what evidence the cause was heard. Nor is there any such certificate of the judge, or any agreement of the parties. Among the papers, we find certain loose and detached depositions in the original form. We have simply a certificate of the clerk, at the end of the transcript, that it contains "the original depositions in said cause." But in fact it contains no depositions whatever. Assuming the detached depositions to be those referred to, we cannot know that we have all that the clerk transmitted, or, if all, we do not know that they were all that were used on the trial in the court below. We have so often pointed out the proper course to be pursued when a review is sought of a chancery cause tried by the first method, that we content ourselves with a reference to some of the cases relating to this subject. If counsel will not follow, when the plain path is marked out, they must expect to find their causes affirmed. *Davenport* v. *Ells*, at present term; *Anderson* v. *Easton*, 16 Iowa, 56, and cases cited; *Fords* v. *Vance*, 17 Id., 94.

We have less regret at this result in the present cause, for, assuming that we have all the evidence, we are dis-

posed to think it was correctly decided. The ruling on the demurrer, was waived by answering over and going to trial on the merits.

Affirmed.