No. 10,131.

THE HOME INSURANCE COMPANY OF NEW YORK v. DUKE.

INSURANCE.—*Local Agent.— Waiver of Condition.*—An insurance agent, who has authority to solicit insurance and to issue policies, has authority to waive a condition that if the building insured stands on leased ground such fact should be expressed in the written portion of the policy.

SAME.—*Evidence.—Supreme Court.*—The facts that a policy of insurance provides that it shall not be valid until countersigned by its duly authorized agent at a given place, and such policy is countersigned by such agent, who solicits the insurance, fills up the written portion of the policy, delivers it, collects the premiums, tend strongly to show that such agent had authority to waive a condition in the policy with reference to the insertion in the policy that the building insured is upon leased land, and the Supreme Court, upon such evidence, will not disturb the finding upon such question of fact.

From the Henry Circuit Court.

*J. E. McDonald, J. M. Butler, G. C. Butler* and *F. B. McDonald,* for appellant.

*J. H. Mellett* and *E. H. Bundy,* for appellee.

BEST, C.—This action was brought upon a policy of fire insurance issued by the appellant to William A. Duke, and after the loss the claim was assigned to the appellee.

The cause has twice been reversed by this court. See *Home Ins. Co.* v. *Duke,* 43 Ind. 418, and *Home Ins. Co.* v. *Duke,* 75 Ind. 535. After the last reversal an amended complaint was filed, a demurrer for the want of facts was overruled to the complaint, an exception taken, a trial had, and over a motion for a new trial judgment was rendered for the appellee.

The appellant assigns as error the order of the court in overruling the demurrer to the complaint, and in overruling the motion for a new trial.

These alleged errors will be considered in the order of their statement.

The property insured consisted of a frame store building, the shelving, counters, desks and scales therein. The building was insured for $300 and the residue of the property for $50. The building stood upon leased ground. The policy contained a condition that if the building insured stood upon leased ground that fact should be represented to the company, should be expressed in the written portion of the policy, and if not done the policy should be void. This fact was not written in the policy, and, for the purpose of showing a waiver of this condition, the appellee averred, in substance, that James B. Martindale was the agent of the defendant at Newcastle, Indiana; that he had full power and authority from the defendant to contract insurance, issue policies, collect and receive premiums for and in behalf of the defendant, and that he solicited said William A. Duke to insure in said company the property destroyed; that said Martindale was well acquainted with said property and its location; that he wrote the policy, filled all blanks and delivered it to said Duke; that said policy was not read to nor by said Duke, and he did not know that it contained said condition until after his return home; that on the next day he returned to town with said policy; took the same to said Martindale, agent as aforesaid, called his attention to the condition, informed him that the building stood upon leased ground and offered to surrender the policy; that thereupon said Martindale assured him that the fact that the building stood upon leased ground made no difference whatever and was as binding upon the company as though he owned the land absolutely; that if he would hold the policy the company would make good any loss he might sustain under it; that said Duke believed said statements, relied upon them and did not surrender said policy.

The Home Insurance Company of New York *v.* Duke.

The first objection urged to this complaint is that the facts averred are mere evidence of a waiver, and are not equivalent to an averment that the appellant waived the condition. Assuming that Martindale, the agent, had authority to waive the condition, we think the facts averred are sufficient to show a waiver. The facts are averred, perhaps, with more particularity than was necessary, but it can not be said, we think, that they do not sufficiently show a waiver of the condition. In this respect the complaint was sufficient. It is also insisted that the averments of the complaint do not show that Martindale had any authority to waive the condition. We think otherwise. It is averred that he had full power and authority to contract insurance, to issue policies, to collect premiums, and that he wrote the written portions of the policy in suit. In addition to these averments, the policy itself required the omitted part to be expressed in the written portion of it, and the duty to do this rested upon the agent, who was authorized to issue the policy. Having authority to issue the policy and to insert in the written portion of it the omitted fact, we think his authority to waive the condition was ample and complete.

In *American, etc., Ins. Co.* v. *McLanathan*, 11 Kan. 533, it was held that an agent who had authority to solicit insurance and to issue policies had authority to waive this precise condition, and this rule of law seems well supported by authority. *Whited* v. *Germania Fire Ins. Co.*, 76 N. Y. 415 (32 Am. R. 330); *Miner* v. *Phœnix Ins. Co.*, 27 Wis. 693.

We think the complaint was sufficient, and that the demurrer was properly overruled.

In support of the motion for a new trial, it is insisted that the evidence was not sufficient to show that Martindale had authority to waive the condition. In addition to the facts that Martindale solicited the insurance, wrote the policy, delivered it on behalf of the appellant, collected the premium, a part of it after he was informed by Duke that the house stood upon leased ground, and had assured him that such fact

did not vitiate the policy, the policy itself provided that it was not valid until countersigned by the duly authorized agent at Newcastle, and it was there countersigned by Martindale. These facts tended strongly to show the authority of Martindale to waive the condition, and upon this question of fact we can not disturb the finding of the court. No error was committed in overruling the motion for a new trial, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.