<hr />

## Germania Life Insurance Company v. Elizabeth Koehler.

1. ERRORS—*What May Be Considered Where the Record Does Not Contain all the Evidence.*—Where the record fails to show that it contains all the evidence the court can not consider errors assigned that the verdict and judgment are not supported by the evidence but may, notwithstanding such omissions, consider errors assigned on the ruling of the court on the admission or rejection of evidence and the giving or refusing of instructions.

2. INSURANCE—*Waiver of Forfeiture for Breach of Condition.*—The right to declare a forfeiture, under a provision in a policy of life insurance that the assured shall not go into certain prohibited territory without the consent of the company, is waived by the acceptance of payments of the premium from the assured while residing in such territory, and after the fact is known to the authorized agents of the company.

3. SAME—*Treating a Policy as Valid—Estoppel.*—When a condition of a policy of insurance has been broken by the assured, if the company, with knowledge of the same, continue to treat it as a valid and subsisting contract by the receipt of payments of premiums thereon, the right to insist upon the forfeiture is waived and the company will be estopped from asserting such right.

4. SAME—*Powers of Agents.*—The public are authorized to deal with an agent of an insurance company upon all subjects within the apparent scope of his authority. An agent, clothed with powers to act for a company at all, is treated as authorized to bind it as to all matters within the scope of his real or apparent authority.

5. SAME—*Stipulations Concerning Waivers.*—A stipulation in a policy that a waiver of conditions therein could only be made by indorsement

Germania Life Ins. Co. v. Koehler.

upon the policy by the general agent, is for the benefit of the company, and may be waived by it.

6. NOTICE—*To an Agent.*—Notice to an agent of matters falling within the general scope of his apparent authority is notice to his principal.

7. ESTOPPEL—*By Notice to the Agent.*—An insurance company may be estopped from asserting a forfeiture of a policy by the knowledge of its agent of facts which would justify it in declaring the forfeiture, which right it has failed to exercise but instead treated the policy as in force.

Assumpsit, on a policy of insurance. Error to the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

GEO. C. REBHAN and TURNER & HOLDER, attorneys for plaintiff in error, contended that in all cases where the assured has any notice of any limitation upon the agent's power, or where there is anything about the transaction to put him on inquiry as to the actual authority of the agent, acts done by him in excess of his authority are not binding, as where it is generally known that limitations are imposed in certain respects. So, where direct notice, or any notice which the assured as a prudent man is bound to regard, is brought home to the assured, limiting the powers of the agent, he relies upon any act in excess of such limited authority at his peril. That an insurance company has the right to limit the powers of its agent must be conceded, and when it does impose such limitations upon his authority, in a way that no prudent man ought to be mistaken in reference thereto, it is not bound by an act done by its agent in contravention of such notice. Wood on Insurance, 387; Winneshiek Ins. Co. v. Holzgrafe, 53 Ill. 516; Lawrence v. Johnson, 64 Ill. 351; The Hartford Fire Ins. Co. v. Webster, 69 Ill. 392; Porter v. U. S. Life Ins. Co., 35 N. E. Rep. 678 (Mass.); Bacon, Life Insurance, Sec. 424, Ed. 1894; New York Life Ins. Co. v. Fletcher, 117 U. S. 519; Bacon's Benefit Societies and Life Insurance, Edition of 1894, Sec. 158; Lycoming Fire Ins. Co. v. Langley, 63 Md. 196.

If the agent is one with limited authority and not author-

ized, or expressly forbidden, to waive any conditions of the contract, and these instructions and limitations are communicated to the person dealing with such agent, or if by ordinary prudence he could have informed himself of them, the company will not be bound by the agent's acts. Bacon, Life Ins., Secs. 426, 431, 431a; Kyte v. Assurance Co., 144 Mass. 43; Putnam Tool Co. v. Fitchburg Ins. Co., 145 Mass. 265; Porter v. U. S. Life Ins. Co. (Mass.), 35 N. E. Rep. 678; Miller v. Union Central Life Ins. Co., 110 Ill. 102; The Continental Ins. Co. v. Ruckman, 127 Ill. 364.

WM. WINKELMANN, attorney for defendant in error.

Notice to an agent of any fact connected with the business in which he is employed, is notice to the principal. Mullanphy Savings Bank et al. v. Schott et al., 135 Ill. 669.

It is unconscionable to retain the money received by the company for premiums due upon an insurance policy and contract, which they treat as valid while no risk is imminent, but when they are called upon to perform under the contract, they repudiate all liability and claim a forfeiture. If a party, by his silence, leads another to act, to wit, to pay money in good faith under the belief that the payment is regularly made, such other will not be permitted, after the money has been received, to allege anything to the contrary; for he who will not speak when he should, will not be allowed to speak when he would. McEwen v. The Montgomery Co. Mut. Ins. Co., 5 Hill 101; Rowley v. Empire Insurance Co., 3 Keyes 559; Anson v. The Winneshiek Insurance Co., 23 Iowa 84.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The defendant in error recovered judgment on a life insurance policy, to reverse which, this writ of error is prosecuted. The errors assigned relate to the admission of evidence, the giving and refusing to give instructions, and overruling the motion for a new trial.

The certificate of the clerk to the record shows that it does not contain all the evidence; it specifies a number of

papers that were read in evidence that are not in the record; therefore this court can not consider the error assigned that the verdict and judgment is not supported by the evidence, but notwithstanding such omissions, can consider the errors assigned on the ruling of the court on the admission or rejection of evidence, and the giving or refusing to give instructions. I. C. R. R. Co. v. O'Keefe, 154 Ill. 508.

The only error really discussed is that relating to the admission of evidence to show a waiver of the condition of the policy that the assured should not go into certain prohibited territory, and the giving of instructions based thereon. The assured went to, and lived for a time in the State of Texas, without the consent of the company, where he died, which was prohibited by the policy.

The authorized agent of the company received several premiums, and gave receipts therefor, after he knew that the assured had gone to the State of Texas, and stated, when informed of the fact, that it did not make any difference where the assured was. It seems that the agent did not inform the home office of the fact of such change of residence. The receipts that were given contained the following printed matter: " Agents holding an appointment from the company are authorized to receive premiums at or before the time when due, upon the receipt of the president or secretary of the company, but not to make, alter or discharge any contracts, or waive any forfeitures. This receipt is not valid until countersigned by the agent of the company."

The court instructed the jury in effect that if they believed from the evidence a duly authorized agent of the company received such premiums after notice of such change of residence, and the company retained the same, then it " became as much bound as if the premium had been paid directly at the home office in New York, and had been received there with a full knowledge of the change of residence * * * and this regardless whether the agent informed the company of the violation of the policy or not."

The plaintiff in error contends this is not the law. Our Supreme Court is committed to the doctrine that such facts

would constitute a waiver of the right to declare a forfeiture. The Illinois Fire Ins. Co. v. Stanton, 57 Ill. 354; The Williamsburg City Fire Ins. Co. v. Cary, 83 Ill. 453; The N. B. & M. Ins. Co. v. Sterger, 124 Ill. 81; Phenix Ins. Co. v. Hart, 149 Ill. 513, 523. In the latter case the question of the right of a local agent to waive a right to forfeiture was discussed. It is there said, p. 524, " The stipulation in the policy that the waiver could be made only by indorsement upon the policy by the general agent at Chicago, was inserted for the benefit of the insurer, and, like any other clause or condition of the policy, might be waived by the company. As we have seen, notice to the agent of matters falling within the general scope of his apparent authority is notice to the principal and the company may be estopped from asserting a forfeiture of the policy by the knowledge of its agent of facts which would justify it in declaring the forfeiture, which right it has failed to exercise, but instead has treated the policy as in force.  *  *  * Independently of whether the local agent was authorized to waive the indorsement of consent upon the policy, the company being chargeable with notice of the fact that the assured was relying upon the policy as valid insurance and having failed to exercise its right of forfeiture until a cause of action accrued upon the policy, must be held to have waived the necessity of such indorsement of consent. It would be most inequitable to permit the company to insist upon the forfeiture after the fire, when, by its silence and apparent acquiescence in the validity of the policy, the assured had been led to rely thereon and prevented from obtaining other insurance."

In that case it will be observed by reading p. 523, that the company insisted, as here, that as the insured had notice of the stipulation in the policy and of the limitation of the local agent's authority that he could not have been misled by any apparent authority with which the agent was clothed.

Another objection to the instructions is that they assume the payments were made upon terms and conditions. The language thus used is subject to criticism, but it evidently

refers to the undisputed fact that the agent was informed of the place where the assured was living at the time of such payments, and to the assurance given by the agent that such fact made no difference.

Under the facts as indisputably proven, the defendant in error was entitled to recover, in which case it is not every error that will cause a reversal.

As counsel have not discussed the other assignments of error, we will not do so, or do more than state they have been examined and are not deemed well founded. The judgment is affirmed.