## GERMAN-AMERICAN INSURANCE COMPANY *v.* YEAGLEY.

[No. 20,331. Filed October 6, 1904. Rehearing denied December 14, 1904.]

INSURANCE.—*Encumbrance.— Waiver.*—Where, to an answer by a fire insurance company that the stock burned was covered by a chattel mortgage, thus rendering such policy void by its terms, plaintiff replied that the agent of such company knew that such mortgage existed when he issued the policy and received the premium, such reply shows a waiver by such company of such condition in the policy, and is sufficient, even though such policy contained a provision rendering it void if a mortgage existed on the goods covered by such policy, or the interest of the insured was not truly stated in such policy, and the further provision that no agent had any power to waive any provision thereof except such as the policy provides for, and then, only by a writing attached to such policy and made part thereof. *pp. 652–662.*

TRIAL.—*Evidence.*—Where the evidence in an action by the insured against the insurer shows that the resident agent of a foreign fire insurance company solicited the insurance of plaintiff's stock of goods; that such agent was told orally, and notified by letter that there was on such stock a chattel mortgage; that notwithstanding such mortgage such agent executed a policy, delivered same and collected therefor; that such stock accidentally burned, causing the loss sued for, such evidence justified a verdict for the plaintiff. *pp. 662–666.*

From Miami Circuit Court; *J. N. Tillett*, Judge.

Action by Daniel W. Yeagley against the German-American Insurance Company for loss on a fire insurance

policy. From a judgment entered on a verdict for plaintiff, the defendant appeals. Transferred from the Appellate Court under §1337u Burns 1901 (Acts 1901, p. 590, §1).

*J. F. Stutesman, S. N. Chambers, S. A. Pickens* and *C. W. Moores,* for appellant.

*J. T. Cox, E. T. Reasoner* and *J. W. O'Hara,* for appellee.

DOWLING, J.—This is a suit by the appellee against the appellant on a policy of fire insurance upon a stock of goods owned by the appellee, destroyed by fire. Issues were formed, and a trial by the court resulted in a finding for the appellee in the sum of $1,000. A motion for a new trial was overruled, and judgment was rendered on the finding.

Errors are assigned (1) upon the refusal of the court to strike out parts of the second paragraph of the reply to the second paragraph of the answer; (2) the overruling of a demurrer to the second paragraph of the reply to the second paragraph of the answer; (3) the overruling of a demurrer to the third paragraph of the reply to the second paragraph of the answer; and (4) the overruling of a motion for a new trial.

The complaint alleged the ownership of the merchandise by the appellee, the issuing of the policy by the appellant (a copy of which was made an exhibit), the payment of the premium, the loss, the performance of all the conditions of the policy by the appellee, and the failure of the appellant to indemnify the appellee for his loss. The answer was (1) a denial; (2) a plea that at the time the policy was issued the goods insured were encumbered by a mortgage, which fact, by the terms of the contract, rendered the insurance void; and (3) a partial answer founded upon a clause in the policy requiring the loss, if any, to be borne pro rata by all companies issuing policies on the property, alleging other insurance, and a consequent diminution of the amount for which the appellant was liable. Reply, (1) a denial; (2) that the agent of the

appellant wrote the policy without a written application therefor, and accepted the premium with full knowledge of the existence of the encumbrance on the goods insured, without notice to the appellee that the encumbrance would avoid the policy; that the provision for such forfeiture was in fine print, and was not read by the appellee, who had no knowledge thereof until after the fire and loss, and the delivery of the proofs of loss; (3) a third paragraph of reply, similar to the second, averred that the policy was issued and the premium accepted by the appellant with full knowledge of the mortgage, and without notice to the appellee until after the fire that the forfeiture clause was not waived. The motion to strike out a part of the second paragraph of the reply to the second paragraph of the answer, and the demurrers to the second and third paragraphs of the reply, present substantially the same question, and may be considered together.

The policy of insurance issued by the appellant contained these provisions: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property, and be, or become, encumbered by a chattel mortgage. * * * This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated therein. * * * This policy is made and accepted subject to the foregoing stipulations and conditions * * * and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon, or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless

such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The second paragraph of appellee's reply to the second paragraph of appellant's answer admits that, at the time the policy was executed, the goods insured were encumbered by a mortgage, but it seeks to avoid the effect of this circumstance by the averment that the agent of the appellant accepted the premium with full knowledge of the existence of the encumbrance. It is not claimed by the appellee that the condition concerning encumbrances was one which, by the terms of the policy, was a proper subject of agreement to be indorsed on that instrument, nor that the agreement to waive this condition was indorsed on the policy or attached to it.

It is contended by counsel for the appellant that the legal effect of the supposed waiver of the condition in regard to encumbrances on the goods insured is to enable the insured to add to and contradict the written instrument by a parol agreement, or by matter *in pais*. It is also insisted that even if such waiver may be shown, it does not appear from the reply that the agent who issued the policy had authority to consent to the waiver.

A policy of insurance is a somewhat unique species of contract. Its principal, or at least its most conspicuous, elements are the payment of a premium by the insured, and the agreement of the insurer to indemnify the insured against loss on a certain subject against certain perils. The numerous conditions often inserted, which are intended to defeat the risk and create a forfeiture of the right to demand the indemnity in the event of loss, are to some extent collateral to the principal undertaking, and are not essential to it. These conditions are usually inserted exclusively for the benefit of the insurer, and, as a matter of fact, are seldom read or seen by the insured until a loss occurs. The

policy is generally a printed paper, of considerable length, gotten up by the insurer with infinite skill, and designed to protect its interests, without particular regard for those of the insured. These, with other peculiarities of the contract of insurance, have caused the courts to deal with it, when practicable, in such manner as to secure the insured against harsh and unreasonable conditions and forfeitures. For this purpose, very slight circumstances are often seized upon as evidence of an intention on the part of the insurer to waive the benefit of certain conditions providing for forfeitures. *National Masonic, etc., Assn.* v. *McBride* (1904), 162 Ind. 379.

It is true that most of the numerous conditions contained in the ordinary policy of fire insurance are intended to protect the insurer against fraud, and they may be necessary to accomplish that object. Such are the conditions relative to other insurance, full disclosures concerning the title to the subject of the risk, and the existence or creation of encumbrances and liens thereon. These circumstances affect the moral hazard assumed by the insurer. That moral hazard is nothing more nor less than the probability or improbability that the insured will designedly destroy his property, or negligently suffer it to be destroyed, to obtain the insurance. If he did so destroy it, that fact, if shown, independent of any condition to that effect in the policy, would constitute a complete defense to an action on the contract. But the burden of proving the fact would rest on the insurer, and in most cases it would be difficult or impossible to establish it. By inserting in the contract conditions rendering the policy void and the insurance forfeited if all facts affecting the title of the property insured are not fully disclosed by the policy holder, or if other insurance is taken out without notice to the insurer, or if the property is, or shall become, encumbered by mortgage or other lien, the insurer not only escapes all danger from the moral hazard in such cases, but is enabled to defeat the recovery of the

sum at risk where the insured has acted in perfect good faith, and the fire has resulted from causes over which he had no control.

Considerations of this character have induced the courts to hold that even where the contract contains a condition that "the policy shall be void if the subject of insurance be personal property, and be or become encumbered by a chattel mortgage," the company will not be permitted to defeat a recovery by proving the existence of such an encumbrance as would render the policy void, where it had full knowledge of the encumbrance when the policy was issued by it. And such has been held to be the rule, also, where there are other provisions in the policy declaring that notice of the existence of all encumbrances must be indorsed on the policy, and that no agent shall be deemed to have waived any condition unless the waiver is so indorsed. So, too, it is generally held that if an insurer accepts payment of a premium with knowledge that a fact exists which, by the terms of the policy, will render the contract of insurance void, the acceptance of the premium is a waiver of the right to avoid the policy for that breach. 16 Am. and Eng. Ency. Law (2d ed.), 940; *Phœnix Life Ins. Co. v. Raddin* (1887), 120 U. S. 183, 7 Sup. Ct. 500, 30 L. Ed. 644; *Mutual, etc., Assn. v. Cleveland Woolen Mills* (1897), 54 U. S. App. 290, 82 Fed. 508, 27 C. C. A. 212; *Home Ins. Co. v. Duke* (1882), 84 Ind. 253; *Indiana Ins. Co. v. Capehart* (1886), 108 Ind. 270; *Moffitt v. Phenix Ins. Co.* (1894), 11 Ind. App. 233; *Masonic, etc., Assn. v. Beck* (1881), 77 Ind. 203, 40 Am. Rep. 295; *Phenix Ins. Co. v. Boyer* (1891), 1 Ind. App. 329; *Union Cent. Life Ins. Co. v. Jones* (1897), 17 Ind. App. 592; *Keenan v. Dubuque, etc., Ins. Co.* (1862), 13 Iowa 375; *Viele v. Germania Ins. Co.* (1868), 26 Iowa 9, 96 Am. Dec. 83; *Bloom v. State Ins. Co.* (1895), 94 Iowa 359, 62 N. W. 810; *Towle v. Iowa, etc., Ins. Co.* (1892), 91 Mich. 219, 51 N. W. 987; *Singleton v. Prudential Ins. Co.* (1896),

German-American Ins. Co. v. Yeagley.

11 Hun, App. Div., 403, 42 N. Y. Supp. 446; *Highlands v. Lurgan, etc., Ins. Co.* (1896), 177 Pa. St. 566, 35 Atl. 728, 55 Am. St. 739; *Schmurr v. State Ins. Co.* (1896), 30 Ore. 29, 46 Pac. 363; *McFarland v. Kittanning Ins. Co.* (1890), 134 Pa. St. 590, 19 Atl. 796, 19 Am. St. 723; *American Cent. Ins. Co. v. McCrea* (1881), 8 Lea (Tenn.) 513, 524, 41 Am. Rep. 647; *Rhodes v. Thomas* (1851), 2 Ind. 638; *Rigsbee v. Bowler* (1861), 17 Ind. 167; *McFadden v. M'Donnell* (1861), 18 Cal. 160; *Westchester Fire Ins. Co. v. Earle* (1876), 33 Mich. 143; *Carroll v. Charter Oak Ins. Co.* (1868), 1 Abb. Dec. 316; *Osborne & Co. v. Stringham* (1894), 4 S. Dak. 593, 57 N. W. 776; *Ford v. United States* (1881), 17 Ct. Cl. 60; 9 Cyc. Law and Proc., 598, 599; *McFetridge v. American Fire Ins. Co.* (1895), 90 Wis. 138, 62 N. W. 938; *Germania Fire Ins. Co. v. Klewer* (1889), 129 Ill. 599, 22 N. E. 489; *Germania Ins. Co. v. Rudwig* (1882), 80 Ky. 223; *Wiberg v. Minnesota, etc., Assn.* (1898), 73 Minn. 297, 76 N. W. 37; *German, etc., Inst. v. Kline* (1895), 44 Neb. 395, 62 N. W. 857; *Northwestern, etc., Ins. Co. v. Amerman* (1887), 119 Ill. 329, 10 N. E. 225, 59 Am. Rep. 799; *Schimp v. Cedar Rapids Ins. Co.* (1888), 124 Ill. 354, 16 N. E. 229.

In *Behler v. German Mut. Fire Ins. Co.* (1879), 68 Ind. 347, 350, it was said: "The delivery of the policy to the insured, after its execution by the insurer, as averred in the complaint, was a waiver of the condition precedent, or a warranty, as it is sometimes called in insurance law, of requiring the premium note of the insured to be delivered before the policy would take effect, and affords no ground of defense against the policy." Many cases supporting this proposition are cited in the opinion.

In *Masonic, etc., Assn. v. Beck, supra,* the court said: "The logical and necessary deduction from this doctrine [*i. e.,* that after default in the conditions of a contract by one party, the other may waive the forfeiture and treat the instrument as of binding force upon himself] is, that a

distinct act of affirmance of the contract by the party entitled to avoid it, made with knowledge of the facts, and especially such acts as the demand and receipt of premiums or assessments, would constitute a waiver of the forfeiture or of the right to annul the contract; and so it is held in several of the cases already cited."

In *Excelsior Mut. Aid Assn.* v. *Riddle* (1883), 91 Ind. 84, 87, the same principle is expressly recognized by the court where it is said: "We are of opinion that the court committed no error in overruling appellant's demurrers to these paragraphs of reply; for, although the matters alleged by appellant in the second paragraph of its answer were such as avoided the contract of insurance by its terms, yet, in effect, they simply rendered such contract voidable at the election of the appellant; and, notwithstanding the existence of those matters, it was competent for the appellant to waive the forfeiture thereby authorized, and continue the contract of insurance in full force."

In *Northwestern, etc., Ins. Co.* v. *Hazelett* (1886), 105 Ind. 212, 55 Am. Rep. 192, it was said by Mitchell, J.: "Courts will construe a contract of insurance liberally, so as to give it effect rather than to make it void. Conditions which create forfeitures will be construed most strongly against the insurer. Only a stern legal necessity will induce such a construction as will nullify the policy;" citing authorities.

In *Aetna Life Ins. Co.* v. *Deming* (1890), 123 Ind. 384, 387, it was said: "It is well-settled law that all conditions in policies of insurance which when violated work a forfeiture as against the assured are to be construed liberally in favor of the assured and strictly against the insurer;" citing authorities.

Elliott, J., in *Continental Ins. Co.* v. *Vanlue* (1891), 126 Ind. 410, 414, 10 L. R. A. 843, states the law thus: "The ground upon which rests the distinction between contracts of insurance and other contracts is a solid one, for

the contract of insurance is, in many essential respects, a peculiar one. There is strong reason for limiting the effect of the word 'encumbrance,' when employed in policies of insurance, since to give the word a broad meaning would be to do injustice, in many instances, without excuse or justification. The purpose for which provisions prohibiting encumbrances are written in policies is to create a cause for forfeiture, not to protect the company issuing a policy from a defect in the title of property conveyed to it, nor to vest in it an unencumbered title, and the only just reason for recognizing such prohibitions is that if the property is encumbered there may be some temptation to the owner himself to burn the property, and thus secure the amount of the insurance. It is obvious, therefore, that there should be a distinction between insurance contracts and contracts of a different class. Provisions intended to create a forfeiture, wherever found, are strictly construed in order to avert a forfeiture; but such provisions are restricted, with especial care and strictness, in contracts of insurance, the courts, with an almost unanimous voice, deciding that such contracts, because of their peculiar character, shall be strictly and rigidly construed against the insurance company wherever a strict construction is necessary to prevent the forfeiture of the policy. *Kentucky Mut. Ins. Co.* v. *Jenks* [1854], 5 Ind. 96; *Grant* v. *Lexington, etc., Ins. Co.* [1854], 5 Ind. 23; *Rogers* v. *Phenix Ins. Co.* [1890], 121 Ind. 570; *First Nat. Bank* v. *Hartford Fire Ins. Co.* [1877], 95 U. S. 673; *Moulour* v. *American Life Ins. Co.* [1884], 111 U. S. 335." See, also, *Home Ins. Co.* v. *Marple* (1891), 1 Ind. App. 411; *Phenix Ins. Co.* v. *Lorenz* (1893), 7 Ind. App. 266; *Hanover Fire Ins. Co.* v. *Dole* (1898), 20 Ind. App. 333; *Replogle* v. *American Ins. Co.* (1892), 132 Ind. 360; *Standard, etc., Ins. Co.* v. *Martin* (1893), 133 Ind. 376; *Peele* v. *Provident Fund Soc.* (1897), 147 Ind. 543; *Manchester Fire Assur. Co.* v. *Koerner* (1895), 13 Ind. App. 372, 55 Am. St. 231; *Germania*

*Life Ins. Co.* v. *Koehler* (1895), 63 Ill. App. 188; *Germania Life Ins. Co.* v. *Koehler* (1897), 168 Ill. 293, 48 N. E. 297, 61 Am. St. 108; *Newman* v. *Covenant, etc., Assn.* (1888), 76 Iowa 56, 40 N. W. 87, 1 L. R. A. 659, 14 Am. St. 196; *Germania Fire Ins. Co.* v. *Hick* (1888), 125 Ill. 361, 17 N. E. 792, 8 Am. St. 384 and note; *Haire* v. *Ohio Farmers Ins. Co.* (1892), 93 Mich. 481, 53 N. W. 623, 32 Am. St. 516.

The facts in *Robbins* v. *Springfield Fire Ins. Co.* (1896), 149 N. Y. 477, 44 N. E. 159, are very similar to those in the present case, especially in regard to the knowledge of the agent of the insurer at the time of the issuing of the policy of facts which would render the contract void. In that case there was a chattel mortgage on the goods, and the assured, orally, so informed the agent of the company when he applied for the insurance. The condition in that policy, as in the one before us, was that "this entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if the subject of insurance be personal property and be, or become, encumbered by a chattel mortgage." The policy also contained a provision to the effect that no officer, agent, or other representative of the company should have power to waive any condition or provision of the policy, except such as might by the terms of the policy be subject to waiver upon the terms indorsed thereon or added thereto, and that, as to those conditions and provisions, no officer, agent, or representative should be deemed or held to have waived any of them, unless the waiver was written upon the policy. Upon the trial, the existence of the chattel mortgage was established. The plaintiff proved that when he applied for the insurance he informed the agent of the company that there was a mortgage on the property, and that he was prepared to pay it off. At the close of the testimony, counsel for the defendant company asked the court "to direct a verdict for the defendant on the ground that at the time

of the issuing of the policy the property insured thereby was encumbered by a chattel mortgage, and that there was no agreement indorsed upon said policy, or added thereto, in reference to such chattel mortgage." The motion was overruled, and, on appeal, this ruling was assigned for error. In discussing the point so presented, the court said: "Hence the precise question is whether the policy was valid if the defendant's agent knew of the existence of those facts. Having knowledge of all the facts concerning the property and chattel mortgage, unless he intended to waive the condition of the policy relating to mortgaged personal property, or through mistake omitted to make the proper indorsement, he must have intended to commit a fraud upon the plaintiff. Under these circumstances, it is to be presumed that if anything was omitted which was necessary to make the policy valid, it was by mistake, or that the condition was waived, or the defendant held itself estopped from setting it up. *VanSchoick* v. *Niagara Fire Ins. Co.* [1877], 68 N. Y. 434; *Whited* v. *Germania Fire Ins. Co.* [1879], 76 N. Y. 415; *Richmond* v. *Niagara Fire Ins. Co.* [1879], 79 N. Y. 230; *Woodruff* v. *Imperial Fire Ins. Co.* [1880], 83 N. Y. 133; *Short* v. *Home Ins. Co.* [1882], 90 N. Y. 16; *Berry* v. *American Cent. Ins. Co.* [1892], 132 N. Y. 49, 58; *Forward* v. *Continental Ins. Co.* [1894], 142 N. Y. 382. The rule that an insurance company will not be permitted to defeat a recovery upon a policy issued by it by proving the existence of facts which would render it void, where it had full knowledge of them when the policy was issued, is too well established by the authorities in this case to require further discussion. It is manifest that the facts in this case bring it clearly within the principle of the cases cited. Whether the decisions in this class of cases proceed upon the charitable theory that the insurance company, by mistake, omitted to make the required indorsement, or intended to waive the provision regarding it, or upon the idea that its purpose was to de-

fraud the insured, and is for that reason estopped, is of but little consequence, as any one of those theories is sufficient to avoid the defense relied upon in this case. That the knowledge of the defendant's agent was its knowledge is also established by the authorities cited. Therefore it is obvious that under these authorities the defendant was barred from claiming that the policy was invalid because of the existence of the chattel mortgage." See, also, *Wood* v. *American Fire Ins. Co.* (1896), 149 N. Y. 382, 44 N. E. 80, 52 Am. St. 733.

Our conclusion upon this branch of the case is that if the appellant issued the policy sued upon, and accepted and retained the premium for the insurance, with knowledge that there was a chattel mortgage on the subject of the risk, it must be taken to have waived the condition declaring the policy void if the property insured should be so encumbered, and also those provisions of the contract requiring the waiver to be indorsed upon the policy.

The next question is whether the second paragraph of the reply to the second paragraph of the answer shows that the agent of the appellant who issued the policy had authority to waive the condition relative to a forfeiture where the subject of the insurance was personal property which was, or which became, encumbered by a chattel mortgage.

It seems to be well settled by the decisions of this court and of the courts of many other states that an agent of an insurance company, who has authority to issue policies of insurance and to collect the premium upon the same, has the power to waive conditions of the policy which would render it void from the beginning, and which are, in some measure, collateral to the principal agreement to insure the property in consideration of the payment of a certain premium. The appellant was a foreign corporation, and its agent in this case, who dealt on its behalf with persons seeking insurance by it, who issued its policies, and col-

lected the premiums thereon, ought to be regarded as the representative of the company, with power to act for it within the apparent scope of his agency.    Such an agent, we think, has authority to waive a condition that an existing encumbrance upon the property by chattel mortgage, whose existence is known to the agent, should render the policy void.    *Home Ins. Co.* v. *Duke* (1882), 84 Ind. 253; *Indiana Ins. Co.* v. *Capehart* (1886), 108 Ind. 270; *Otto* v. *Hartford Life Ins. Co.* (1903), 88 Minn. 423, 93 N. W. 608, 97 Am. St. 532; *Robbins* v. *Springfield, etc., Ins. Co.* (1896), 149 N. Y. 477, 485, 44 N. E. 159; 16 Am. and Eng. Ency. Law (2d ed.), 942, 943, and notes.

It is averred in direct terms in the second paragraph of the reply to the second paragraph of the answer that the agent who wrote the policy and collected the premium did so with full knowledge of the existence of the encumbrance on the property.    These averments sufficiently show the authority of the agent to waive a condition of this character.

The third paragraph of the reply to the second paragraph of the answer alleged that the corporation itself issued the policy, and accepted the premium with full knowledge of the existence of the mortgage.    In the light of the authorities already referred to, it was competent for the appellant to waive the conditions in regard to a forfeiture by reason of existing encumbrances, and there can be no question of the sufficiency of the paragraph.

The averments of the second paragraph of the reply to the second paragraph of the answer which appellant moved to strike out were mere surplusage.    They were to the effect that the appellee had no notice that the encumbrance would avoid the policy, and that the provision for a forfeiture in such case was in fine print, and was not known to the appellee until after the fire and the delivery of the proofs of loss.    The paragraph of reply was sufficient without

these allegations, and was not vitiated by them. Therefore, no error was committed by the court in overruling the motion to strike out the unnecessary averments.

The last error assigned is upon the overruling of the motion for a new trial. There was some evidence in support of all the material allegations of the complaint. It was shown by the proof that the appellee Yeagley was a merchant of Thorntown, Boone county, Indiana. He owned a stock of merchandise, etc., worth at least $8,000. July 16, 1900, and while he was residing at Thorntown, he took out a policy of fire insurance for $2,000 on his stock of goods, with the Fire Association of Philadelphia. Mr. Charles Underwood was the agent of this company, and his offices were at LaFayette, Indiana. Underwood was an insurance agent of long experience, and was conducting a large business. At the time the policy was issued by him as the agent of the Fire Association of Philadelphia, Yeagley informed him that there was a mortgage on his stock of goods, and Underwood inserted in the policy a clause in these words: "Payable in case of loss to E. C. Voris as his interest may appear." Sometime after July 16, 1900, the appellee removed his stock of goods from Thorntown, Boone county, Indiana, to the town of Bunker Hill, in Miami county. In May, 1901, he wrote to Underwood at LaFayette, directing the latter to give him $1,000 insurance in addition to the policies already issued by Underwood on his said stock of goods. Underwood answered this letter, and asked Yeagley whether the mortgage on his stock was paid off. Yeagley wrote him that it was not. Underwood, acting as agent of the appellant, then sent him the policy sued on, dated May 24, 1901, and running to May 24, 1902, stating in the letter accompanying it that he did not think the mortgage would make any material difference. Underwood wrote in another letter to Yeagley that it was hard for him to carry a policy on a

stock with a mortgage on it. The premium, amounting to $10, was paid by Yeagley to Underwood, the agent of the appellant. The property insured was totally destroyed by fire February 27, 1902. Notice of the fire and loss was immediately given to the appellant, and papers purporting to be proofs of loss were delivered to the agent of the appellant at Peru, Indiana, who forwarded them to the manager of the appellant at Chicago, Illinois.

It appeared from the proof that on April 11, 1900, Yeagley executed a mortgage on his stock of goods to one E. C. Voris, to secure a debt amounting to $2,525; that this mortgage was in force; and that a part, at least, of the debt so secured was unpaid when the policy sued on was issued. The mortgage to Voris was the encumbrance referred to in the correspondence between the appellee and Underwood, the agent of the appellant, at the time the policy sued on was applied for and delivered. The fact that Underwood, who issued the policy and collected the premium from the appellee, was the general agent of the appellant, with very full powers to represent the nonresident company, was manifest. The proof that he had notice of the existence of the mortgage on the stock of goods when he issued the policy and collected the premium was clear. The evidence relative to the delivery of proofs of loss by the appellee justified the court in finding that there had been a sufficient compliance with the condition of the policy upon that subject, or that the delivery of such proofs was unnecessary because of the assertion of the forfeiture of the insurance by the appellant, and its denial of the right of the appellee to demand anything under the policy. In view of the other facts established by the proof, the supposed errors of the court in admitting certain evidence offered by the appellee were not, in our opinion, of sufficient importance to require a reversal of the judgment. Nor is it clear that the court erred in any of these rulings.

The result arrived at was a just one, and we are satisfied that the merits of the case were fairly tried and determined.

Counsel for appellant, among many other decisions, especially press upon our attention the case of *Northern Assur. Co.* v. *Grandview Bldg. Assn.* (1902), 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213. If the correctness of the propositions stated in that opinion relative to the binding character of conditions in a policy providing for forfeitures, and the duty of courts to enforce them, is conceded, the opinion fails to sustain the position of the appellant.

The case before us falls directly within the exception stated in *Insurance Co.* v. *Wolf* (1877), 95 U. S. 326, cited by Shiras, J., who delivered the opinion in *Northern Assur. Co.* v. *Grandview Bldg. Assn., supra,* such exception being in these words, at page 356: "It is essential that the company should have had some knowledge of the forfeiture, before it can be held to have waived it. It is true that, where an agent is charged with the collection of premiums upon policies, it will be presumed that he informs the company of any circumstances coming to his knowledge affecting its liability; and, if subsequently the premiums are received by the company without objection, any forfeiture incurred will be presumed to be waived." Our statement of the law corresponds very closely with the view expressed in this opinion.

We find no error in the record. Judgment affirmed.

All concur except Gillett, J., not voting.