### THE PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* BIDWELL.

[No. 15,427. Filed May 4, 1937.]

*Embree & Baltzell* and *Meyer, Fine & Bamberger,* for appellant.

*McDonald & McDonald* and *Wheeler & Wheeler,* for appellee.

Wood, C. J.—The appellee as the named beneficiary in a certificate of insurance alleged to have been issued

to her husband, Dewey Bidwell, as an employee of the Sommerville Coal Corporation, under a master policy of group insurance asserted to have been executed and delivered to said Coal Corporation by the appellant, brought suit on said certificate and policy of group insurance against appellant, to recover the amount claimed to be due her under said insurance contracts as such beneficiary because of the death of the insured.

The complaint consisted of two paragraphs, but since the issues raised by the second paragraph of complaint were determined in favor of appellant, and no objection is made by it to such determination we will not further consider that paragraph of complaint.

The first paragraph of complaint was predicated upon an alleged written master policy of group insurance executed and delivered to the Sommerville Coal Corporation May 12, 1932, insuring the lives of certain named employees of said coal corporation, of whom Dewey Bidwell was one. To this paragraph of complaint the appellant filed an answer in two paragraphs, the first was a *non-est-factum*, the second admitted the execution of the policy sued upon, but denied liability to the appellee because of the failure of the Sommerville Coal Corporation and Dewey Bidwell to comply with certain terms and conditions contained in the written application on which said policy was executed and certain terms and conditions contained in the policy itself and the certificate of insurance issued to Dewey Bidwell thereunder, in that, while he was an employee of the coal corporation on April 25, 1932, his employment with said coal corporation terminated on that day; that he was not an employee of said coal corporation at any time thereafter, and that he died on May 27, 1932; that on May 12, 1932, when said group policy was executed, Dewey Bidwell was not in good health, was not in the

employ of the coal corporation on full time or otherwise; that he voluntarily left the employment of the coal corporation on April 25, 1932, on account of serious illness and continued poor health; that on May 12, 1932, he was confined in a hospital because of serious illness; that because of these facts the group policy never became effective as to Dewey Bidwell; that because of these facts the certificate of insurance issued to the coal corporation for Dewey Bidwell never became effective as to him. To this second paragraph of answer the appellee filed a reply in two paragraphs, the first alleged that there was never any written application for said policy of group insurance filled out, signed and delivered to appellant by said coal corporation prior to the execution of said policy of group insurance. This paragraph of answer was verified. The second paragraph alleged facts as follows: "that on the 12th day of May, 1932, the Sommerville Coal Corporation paid to the defendant, Prudential Insurance Company of America, the sum of twenty-five dollars ($25.00) in part payment of the first monthly premium of four hundred ten dollars and ninety-nine cents ($410.99) for said group policy G-3833; that it was then and there agreed by said Sommerville Coal Corporation and the defendant, Prudential Insurance Company of America, that said payment of twenty-five dollars ($25.00) was for the purpose of putting said group policy G-3833 in full force and effect;

"That between the 12th day of May, 1932, and the 27th day of May, 1932, one employee, whose name is unknown to this plaintiff, was killed, and two or three other employees, whose names are unknown to this plaintiff, were injured by reason of an accident occurring at the mine of said Sommerville Coal Corporation; that the aforementioned employees, whose names are unknown to this plaintiff, were included in the sched-

ule of employees attached to said group policy G-3833, and were insured under said policy;

"That on the 27th day of May, 1932, Dewey Bidwell. died; that due proofs of loss were forwarded to said defendant, Prudential Insurance Company of America, as required by the terms of said group policy G-3833, on behalf of this plaintiff and in support of the claims arising out of the aforesaid accident between the 12th day of May, 1932, and the 27th day of May, 1932;

"That the defendant ignored said claims and denied all liability thereon on the ground that three hundred and eighty-five dollars and ninety-nine cents ($385.99), the balance on the first monthly premium, had never been paid;

"That during the month of June, 1932, a controversy arose between said Sommerville Coal Corporation and said defendant, Prudential Insurance Company of America, relative to the payment of the aforementioned claim; that said defendant, Prudential Insurance Company of America, denied liability thereon on the ground that three hundred and eighty-five dollars and ninety-nine cents ($385.99) of the first monthly premium was overdue and unpaid; that in said controversy said Sommerville Coal Corporation contended that the twenty-five dollars ($25.00) payment made on the 12th day of May, 1932, as aforesaid, put the policy in full force and effect, and that the aforesaid claims were at that time due and payable without regard to the fact that a balance of three hundred eighty-five dollars and ninety-nine cents ($385.99) was unpaid on said policy;

"That in settlement of the aforesaid differences on the 12th day of July, 1932, said defendant, Prudential Insurance Company of America, agreed with said Sommerville Coal Corporation that said defendant would pay the aforementioned claims under said group policy G-3833, including the claim of the plaintiff, Pearl Bid-

well, made under certificate No. 5 issued under said group policy to her deceased husband, Dewey Bidwell, as soon as the balance of the first month's premium was paid by said Sommerville Coal Corporation;

"That pursuant to this agreement in settlement of the aforementioned controversy, said Sommerville Coal Corporation paid to the defendant the sum of three hundred eighty-five dollars and ninety-nine cents ($385.99); that thereafter the defendant refused to pay the claim under certificate No. 5 issued to said Dewey Bidwell, and denied all liability on said certificate issued to him;

"That by reason of the facts above stated, the defendant waived the defenses set up by it in its paragraphs of answer filed herein, and that there is now due and owing from the defendant to the plaintiff, upon her complaint herein, the sum of one thousand dollars ($1,000.00) together with interest as in said paragraphs of complaint demanded."

On these issues the cause was submitted to the court and a jury for trial, resulting in a verdict and judgment in favor of appellee. Within due time the appellant filed a motion for a new trial which was overruled, and this appeal was perfected. The only error assigned and urged by appellant for a reversal of this cause is the overruling of its motion for a new trial. The only causes for a new trial discussed by appellant in its brief and not waived are: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) error in the admission of certain testimony; (10) error in refusing to give to the jury instruction No. 1 tendered by appellant; (11) error in giving to the jury each of instructions Nos. 1, 2, 3, and 4 tendered by the appellee.

The appellant insists that this judgment must be reversed: *First,* because the uncontradicted evidence shows that the policy of insurance sued upon could not

be valid and binding upon it, for, if executed and delivered at all, this was done after the date of the insured's death; *second,* because the uncontradicted evidence shows that at the time of the insured's death he was not in the employ of the Sommerville Coal Corporation, and at the time of his death, he was not, at the option of his employer, temporarily laid off, on leave of absence or temporarily disabled and was not during such time considered as being in the employ of said coal corporation; and *third,* because the uncontradicted evidence shows that upon July 14, 1932, the date on which the appellant says the policy of insurance sued upon was issued, Dewey Bidwell was dead, and that on May 12, 1932, the date on which the appellee says the policy of insurance sued upon was issued, Dewey Bidwell was not in the employ of said coal corporation on full time, but at such time was, taking the version of the evidence most favorable to the appellee, temporarily absent from such employment on account of serious illness. It is apparent that the theory of appellant's appeal, in all but two particulars rests upon the assumption that the evidence in the instant case relating to its essential elements is uncontradicted. Counsel for appellant stated in oral argument that if upon an examination of the record the court should conclude that the evidence was conflicting on material phases of the case, in such an event, this appeal must fail.

It is agreed by the parties hereto that where the evidence is conflicting, if there is any competent evidence to sustain the verdict of the jury, or if legitimate inferences may be drawn from such evidence to sustain the verdict of the jury, then this court will not disturb the verdict; that this court will not weigh conflicting evidence.

It was stipulated between the parties that due and proper proof of death of the insured was presented by

the appellee and received by the appellant before the commencement of this action, and that appellee's claim was not rejected because of any defect or insufficiency in the proof furnished. It was stipulated that the group policy, and the certificate of insurance for Dewey Bidwell were duly executed and delivered to the Sommerville Coal Corporation, as of the 12th day of May, 1932, and that the certificate was delivered by the coal corporation to the appellee. It was stipulated that Dewey Bidwell, the insured, was confined in the Deaconess Hospital in the city of Evansville, Indiana, as a patient continuously from April 25, 1932, to May 27, 1932, when he died as the result of illness; that his illness and death were not due to any injury sustained in his employment as a miner by the Sommerville Coal Corporation.

The evidence is undisputed that one Argyle Shelton was a general agent of appellant; that he and a man by the name of Wilder were the representatives of appellant with whom the Sommerville Coal Corporation carried on negotiations and contracted for the policy of group insurance; that the coal corporation paid Shelton the sum of $25 on the premium on this policy on May 12, 1932; that the coal corporation paid the balance of the premium on this policy to Shelton July 14, 1932; that on October 11, 1932, the appellant paid into court for the use of the appellee the sum of $1.50, being the amount of premium paid on the policy in suit in behalf of Dewey Bidwell, with interest thereon at six per cent per annum from the date of the payment of said premium, which date was on or about May 12, 1932.

We are not able to agree with appellant's contention that the evidence is undisputed in the three particulars heretofore enumerated. On these material elements of the case the evidence is in conflict. There is evidence from which the jury could find, that when the payment

of $25 was made on the premium for the policy of group insurance on May 12, 1932, that it, together with the certificate of insurance to be issued to Dewey Bidwell, was executed and delivered to the Sommerville Coal Corporation and went into full force and effect on that date before the death of Dewey Bidwell; that neither the Sommerville Coal Corporation nor Dewey Bidwell ever made or executed any written application for said policy of group insurance or certificate, but that they were executed and delivered without the execution of any written application; that although Dewey Bidwell was confined in a hospital from April 25, 1932, to May 27, 1932, he was during such period considered as being in the employ of the Sommerville Coal Corporation; that after the death of Dewey Bidwell on May 27, 1932, a controversy arose between the appellant and the Sommerville Coal Corporation concerning the settlement of the claim against appellant arising out of his death and the death or injury of other employees; that negotiations were entered into between said Coal Corporation and appellant, through its general agent, Shelton, for the purpose of effecting a settlement of said claims in which it was finally agreed that if the balance of the premium was paid on said policy of group insurance, the claims in controversy, including appellee's, would be paid; that at the time said negotiations were being had and the settlement agreed upon the appellant had knowledge of the death of Dewey Bidwell; that pursuant to said settlement the balance of the premium was paid to, received, and retained by appellant.

Courts will construe contracts of insurance liberally so as to give them effect rather than to make them void, and conditions which create forfeitures will be construed strongly against the insurer. *Inter-Ocean, etc., Co.* v. *Wilkins* (1932), 96 Ind. App. 231, 182 N. E. 252 (transfer to Supreme Court denied

March 17, 1933) ; *Colt* v. *Hicks* (1933), 97 Ind. App. 177, 179 N. E. 335 (transfer to Supreme Court denied June 17, 1933). "The delivery of the policy to the insured, after its execution by the insurer, as averred in the complaint, was a waiver of the condition precedent, or a warranty, as it is sometimes called in insurance law, of requiring the premium note of the insured to be delivered before the policy would take effect, and affords no ground of defense against the policy." *Behler* v. *Germania, etc., Co.* (1879), 68 Ind. 347, 350; *German, etc., Co.* v. *Yeagley* (1904), 163 Ind. 651, 71 N. E. 897; *Penn Mutual Co.* v. *Norcross* (1904), 163 Ind. 379, 72 N. E. 132. "It is generally held that if an insurer accepts a payment of a premium with knowledge that a fact exists which, by the terms of the policy, will render the contract of insurance void, the acceptance of the premium is a waiver of the right to avoid the policy for that breach." *German, etc., Co.* v. *Yeagley, supra,* (p. 656). A distinct act of affirmance of a contract of insurance by the party entitled to avoid it, made with knowledge of the facts, and expressly such acts as the demand and receipt of premiums will constitute a waiver of the forfeiture or right to annul the contract, and, "there is no reason why this waiver may not occur after, as well as before, the death of the person whose life was insured." *Masonic, etc., Assn.* v. *Beck* (1881), 77 Ind. 203. And though the insurer has a right to rely upon a default by the insured as a defense, if it with knowledge of a loss, accepts the premium, it thereby waives the forfeiture and restores the policy to its full force and effect. "Such acceptance does not simply revive the policy as to the future, but it thereby restores it to its power and force from the beginning." *Continental, etc., Co.* v. *Chew* (1894), 11 Ind. App. 330, 38 N. E. 417. "Knowledge of a general agent of an insurance company of facts material to the risk is the knowledge of the company," and if

acting within the scope of his authority, "his knowledge relating to the risk is binding on the company, though not communicated to it." *Insurance Co.* v. *Indiana, etc., Co.* (1917), 65 Ind. App. 330, 117 N. E. 273. "It is well settled that an insurance company may waive conditions inserted in the policy for its benefit and that such waiver may be inferred from the conduct of its agents and representatives." *Providence, etc., Co.* v. *Wolf* (1907), 168 Ind. 690, 80 N. E. 26; *Aetna, etc., Co.* v. *Indiana, etc., Co.* (1921), 191 Ind. 554, 133 N. E. 4; *United States, etc., Co.* v. *Clark* (1907), 41 Ind. App. 345, 83 N. E. 760.

When the facts which the jury was justified in finding from the evidence are considered in the light of the above principles of law it cannot be successfully asserted that the court erred in overruling appellant's motion for a new trial for causes predicated upon the assumption that the evidence before the jury was uncontradicted.

Complaint is made of the action of the court in permitting a witness for the appellee in response to a question propounded to him on direct examination, to testify that Dewey Bidwell was never discharged from employment by the Coal Corporation over the objection that it called for a conclusion of the witness. We cannot agree with appellant's contention. The answer of the witness was the statement of a factual situation from which a legal conclusion could be drawn. *Kostanzer* v. *State ex rel. Ramsey* (1933), 205 Ind. 536, 187 N. E. 337. Appellant also complains of the action of the court in giving to the jury appellee's instruction No. 3, which instruction related to the burden of proof on the issues tendered by appellant's second paragraph of answer to appellee's first paragraph of complaint. Conceding, but not deciding, that the instruction was erroneous, as the record comes to us the appellant is

not in a position to complain, for its instruction No. 9, which it requested the court to give to the jury contained substantially the same statements of law embraced in appellee's instruction No. 3, thus inviting the error if such it was. *Duncan* v. *State* (1908), 171 Ind. 444, 86 N. E. 641.

We have examined and considered all questions presented by appellant. Finding no reversible error, the judgment is affirmed.

Curtis, J. not participating.