McFetridge vs. The American Fire Ins. Co. of Philadelphia.

McFetridge, Respondent, vs. The American Fire Insurance Company of Philadelphia, Appellant.

*March 12 — April 3, 1895.*

(1) *Special verdict: Setting aside answers: Judgment* non obstante. (2–5) *Insurance against fire: Waiver of conditions: Defective verdict: Other insurance: Proportional recovery: Pleading.* (6) *Appeal: Costs: Prolix brief.*

1. A motion to set aside the answers to some of the questions in a special verdict, and for judgment in favor of defendant on the answers to others, was properly denied.
2. Where property insured in plaintiff's name belonged to a firm of which he was a member, and the evidence was conflicting as to whether the agent of the defendant knew such fact and waived the condition in the policy respecting the same, a special verdict which left undetermined the question of such waiver was defective.
3. A provision in a policy that in case of other insurance the insurer should be liable only for a ratable proportion of the loss, is given effect in an action on the policy, although not pleaded by defendant, where the proof of loss put in evidence· by plaintiff showed that there was other insurance and the amount thereof.
4. A provision in a policy that the sale or transfer of the whole or any portion of the property without the consent of the insurer indorsed thereon should avoid the policy, could be waived without a written indorsement.
5. A waiver of such a forfeiture being indicated by the answer in an action on the policy, a special verdict finding ground for the forfeiture but not determining the question of waiver was defective.
6. Plaintiff's brief of eighty-three pages being unnecessarily prolix, he is allowed in the taxing of costs for but thirty pages.

Appeal from a judgment of the circuit court for Dane county: R. G. Siebecker, Circuit Judge. *Reversed.*

In consideration of $40, paid to the defendant by the plaintiff, the defendant, April 24, 1890, executed and delivered to the plaintiff a policy of insurance against loss or damage by fire to an amount not exceeding $2,000, for the period of one year from that date, upon the property therein

described, to wit, on ice and packing contained in frame sectional icehouse building known as "No. 1" on private map (being the three sections nearest the lake), and in cars near thereto, situated on the bank of Monona Lake, opposite Madison, and adjoining Tewes' icehouse. On January 1, 1891, the said icehouse and ice and packing therein were destroyed by fire. On January 31, 1891, proofs of loss were made by the plaintiff and served upon the defendant, stating that at the time of issuing the policy there were 4,800 tons of ice therein belonging to the plaintiff, and that at the time of the fire there were 600 tons of ice therein, of the actual value of $900.

On December 24, 1891, the plaintiff commenced this action to recover the amount of such loss, and alleged the full performance of the conditions of said contract of insurance. The defendant answered, and put in issue the several allegations of the complaint, and also set out certain conditions of the policy alleged not to have been complied with.

At the close of the trial the jury, by the direction of the court, found, as matters of fact, from the undisputed evidence, (1) that the plaintiff, April 25, 1890, was not the sole owner of the ice and packing contained in frame sectional icehouse building known as "No. 1" on private map (being the three sections nearest the lake), situated on the bank of Monona Lake, opposite Madison, and adjoining Tewes' icehouse; (4) that the ice and packing which said plaintiff and his partners claimed to own at the time of the fire, January 1, 1891, were contained in said three north sections of said icehouse building; (7) that a change had taken place in the title, location, or possession of the property covered by said insurance policy, by the sale, transfer, or conveyance thereof, in whole or in part, without the consent of the defendant indorsed upon said policy; (8) that a large portion of the ice described in and covered by said policy had been removed from said icehouse after April 25, 1890, and prior

to the date of the fire, January 1, 1891. And the jury further returned a special verdict to the effect (2) that the plaintiff did not at the time the contract of insurance was made, and on or before April 25, 1890, represent to Hugh Martin that he (the plaintiff) was the sole owner of the ice and packing contained in said icehouse; (3) that the ice and packing which said plaintiff and his partners owned at the time the contract for said insurance was made was contained in the north three sections of said icehouse building, being the three sections next to Monona Lake; (5) that the said plaintiff and his said partners did in fact own the ice contained in said section 1 at the time of the fire, or when the contract of insurance was made; (9) that the actual value of merchantable ice in section No. 1 of said icehouse building, counting from Lake Monona, damaged by the fire January 1, 1891, was $80.67, interest included; (10) that the actual value of merchantable ice in sections Nos. 2 and 3 of said icehouse building, counting from Lake Monona, damaged by fire January 1, 1891, was $1,183.21, interest included.

In pursuance of an order of the court, judgment was thereupon entered in favor of the plaintiff in the sum of $1,263.89 damages, and $82.91 costs and disbursements. From that judgment the defendant appeals.

For the appellant there was a brief by *Bashford, O' Connor & Polleys*, and oral argument by *T. A. Polleys* and *R. M. Bashford*. They argued among other things that where the insured accepts a policy in which the authority of the agent is defined and limited, such provisions are binding upon him, and any attempt on the part of such agent to waive or vary the written terms of the contract is a mere nullity. *Hankins v. Rockford Ins. Co.* 70 Wis. 1; *Renier v. Dwelling H. Ins. Co.* 74 id. 99; *Knudson v. Hekla F. Ins. Co.* 75 id. 198; *Carey v. German Am. Ins. Co.* 84 id. 80. The question of waiver should have been submitted to the jury. *McFetridge v. Phenix Ins. Co.* 84 Wis. 200. The

court below should, in any event, have apportioned the damages found by the jury, in accordance with the condition of the policy. *Hibernia Ins. Co. v. Starr*, 13 S. W. Rep. 1017; *Continental Ins. Co. v. Hulman*, 92 Ill. 145, 156; *North Am. F. Ins. Co. v. Zaenger*, 63 id. 464, 466; *Lawrence v. Mut. L. Ins. Co.* 5 Ill. App. 280; *New York Cent. Ins. Co. v. Watson*, 23 Mich. 486, 488; *Mutual B. L. Ins. Co. v. Newton*, 22 Wall. 32; *Moore v. Protection Ins. Co.* 29 Me. 97, 102; *Pencil v. Home Ins. Co.* 3 Wash. 485, 489; *Hanover F. Ins. Co. v. Brown*, 77 Md. 64, 72; *Page v. Sun Ins. Office*, 64 Fed. Rep. 194; *Bachmeyer v. Mut. R. F. L. Asso.* 82 Wis. 255, 260, 263; *May, Ins.* § 453; *Ogden v. East R. Ins. Co.* 50 N. Y. 388; *Fitzsimmons v. City F. Ins. Co.* 18 Wis. 234; *Lucas v. Jefferson Ins. Co.* 6 Cow. 635; *Sherman v. Madison Mut. Ins. Co.* 39 Wis. 104. And this clause need not be specially pleaded. *Merchants' S. Co. v. Comm. Mut. Ins. Co.* 51 N. Y. Super. Ct. 444; *Alexander v. Continental Ins. Co.* 67 Wis. 429.

*H. W. Chynoweth*, for the respondent, contended, *inter alia*, that plaintiff was entitled to recover for his full loss. Without proof upon the subject as to other insurance, the face of the policy, providing the plaintiff proved his loss to be that much, would be the rule of damages. The condition as to liability in case of other insurance is a condition subsequent which modified the right of the assured to recover the full amount. Conditions subsequent must be pleaded to avail in defeating or limiting the recovery. *Home Ins. Co. v. Gaddis*, 3 Ky. Law Rep. 159. This case is no different from the ordinary case of double insurance. Plaintiff could have but one satisfaction, but there is no limit to his recovery up to the full amount of the insurance, provided he proves loss up to that amount. *Wiggin v. Suffolk Ins. Co.* 18 Pick. 145; *Newby v. Reed*, 1 W. Bl. 416. Plaintiff is not limited in his recovery to the amount stated in his proofs of loss. They do not estop him from showing the

actual loss and from recovering the full amount. *Sibley v. Prescott Ins. Co.* 57 Mich. 14; *Miaghan v. Hartford F. Ins. Co.* 24 Hun, 58; *Lebanon Mut. Ins. Co. v. Kepler*, 106 Pa. St. 28.

CASSODAY, J. 1. Upon the rendition of the special verdict, counsel for the defendant moved to set aside the several answers of the jury and the court to questions 2, 3, 4, 5, 9, and 10 in the special verdict, mentioned in the foregoing statement, and for judgment in favor of the defendant upon the answers of the court to questions 1, 7, and 8 of the special verdict. That motion was properly denied for reasons given by Mr. Justice PINNEY in *Sheehy v. Duffy,* 89 Wis. 6.

2. It is undisputed that at the time of making the contract of insurance the plaintiff was in partnership with Hiram Scott and William H. Smith, doing business under the firm name of the American Ice Company, and as such owned the ice in question. Nevertheless, the policy was taken in the name of the plaintiff alone. There is evidence tending to show that the agent or broker of the defendant who made the contract knew of such partnership and ownership at the time the policy was issued, and waived the condition therein respecting the same; but there is also evidence the other way, and the question of such waiver is left undetermined by the verdict, and hence the verdict is defective. *Sherman v. Menominee R. L. Co.* 77 Wis. 14; *McFetridge v. Phenix Ins. Co.* 84 Wis. 200. The second finding is merely to the effect that the plaintiff did not represent that he was the sole owner.

3. The policy expressly authorized additional insurance on the property insured, and provided that in case of other insurance thereon the defendant should only be liable for such ratable proportion of the loss or damage as the amount insured by the defendant should bear to the whole amount

insured thereon, without reference to the dates of different policies or the solvency of the underwriters. It is true the defendant has not pleaded this provision of the policy, but the question here presented is whether the plaintiff is entitled to recover the whole amount of his loss from the defendant, under the policy and the admitted facts in the case. It appears from the proofs of loss furnished by the plaintiff and put in evidence by him that, at the time of the fire, the plaintiff held policies of insurance upon the same property in three other companies,— two for $1,000 each, and one for $2,000. Such being the facts admitted by the plaintiff, we must hold that the defendant is in no event liable for any more than one third the amount of such loss.

4. By the seventh and eighth findings of the court in the special verdict, it is found, in effect, that after the making of the policy and before the fire a portion of the ice covered by the insurance was removed from the icehouse and sold by the plaintiff. The policy not only covered ice in the icehouse, but in the cars near thereto. It provides, in effect, that the sale or transfer of the whole or a part of the ice, without the consent of the defendant indorsed thereon, should avoid the policy. We have no doubt that such condition could be waived without a written indorsement thereon. *Renier v. Dwelling House Ins. Co.* 74 Wis. 89; *Stanhilber v. Mut. M. Ins. Co.* 76 Wis. 285. Whether there was such waiver is not determined by the special verdict. The answer alleges, in effect, that, at the time of making the contract of insurance, it was understood and agreed that when shipments of ice were made the plaintiff should notify the defendant, and the amount of insurance should be reduced accordingly; that shipments had been made without giving such notice; that the defendant ascertained the fact before the fire, and attempted to reduce the policy, but failed, through the negligence of the plaintiff. This would indicate a waiver of any forfeiture by such mere shipments

of ice; and yet the verdict finds the removal, sale, and transfer of a portion of the ice, without determining the question of waiver.

The facts in this case are not very complicated, but have been greatly obscured by the manner in which they have been presented. The appellant's brief is unnecessarily prolix,— covering eighty-three printed pages. It might have been limited to one fourth or one fifth of the amount, and still have been more helpful.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial. In taxing costs, the appellant will only be allowed for thirty pages of brief.