## MONING DRY GOODS CO. v. WISEMAN et al.

No. 6146—Opinion Filed June 20, 1916.
Rehearing Denied July 25, 1916.
(159 Pac. 259.)

**1. Partnership—Prima Facie Proof.**

The plaintiff, having put in evidence a written agreement of partnership between the defendants, made out a prima facie case of partnership against them.

**2. Same.**

A prima facie case of partnership is made out against persons associated in a particular business by evidence that they share in its profits, pursuant to an agreement between them, by evidence that they have described

themselves as partners in any writing, or by evidence that they are the common proprietors of the business conducted for their mutual profit.

**3. Partnership—Action Against Partners—Burden of Proof.**

Where one denies that he is a member of a partnership, the burden is upon the party alleging the partnership, and this is a question of fact for determination by the jury.

**4. Same—Questions for Jury.**

The questions of partnership, when it began, when it ceased, if it did cease, whether or not it was in existence at the time these goods were purchased, whether the goods were purchased by the partnership, whether or not the partnership is liable for the payment of same, whether, if the partnership had ceased to exist before the purchase of the goods, the plaintiff had knowledge thereof under sections 4462 and 4463, Rev. Laws Okla. 1910, are all questions of fact for the jury to find and determine in the light of all the facts and circumstances in evidence before them touching such matters and things.

**5. Same—Direction of Verdict.**

When the question whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the evidence, it is one of fact for the jury; and the court should not nonsuit or direct the jury to find a verdict for the plaintiff or defendant.

**6. Partnership — Dissolution — Presumption of Continuance.**

Where it is shown that a partnership at one time existed, it will be presumed to continue, in the absence of testimony to the contrary. A presumption of partnership arises from the use of a name such as is commonly employed when a partnership exists.

(Syllabus by Davis, C.)

Error from District Court, Jefferson County; Frank M. Bailey, Judge.

Action by the Moning Dry Goods Company against E. S. Wiseman and J. L. Jordan. Judgment in favor of plaintiff and against the defendant E. S. Wiseman, and in favor of the defendant J. L. Jordan, and against the plaintiff, and plaintiff brings error. Affirmed as to judgment against defendant Wiseman, and reversed and remanded as to judgment against plaintiff and in favor of defendant Jordan.

N. C. Peters and R. Y. Prigmore, for plaintiff in error.

A. Eddleman, J. C. Graham, and Guy Green, for defendants in error.

Opinion by DAVIS, C. The parties will be designated herein as in the court below. This is an action by plaintiff, the Moning Dry Goods Company, against defendants, E. S. Wiseman and J. L. Jordan, as partners under the firm name and style of E. S. Wiseman & Co.

Plaintiff in its amended petition alleges:

"That on or about November 17, 1911, defendants, E. S. Wiseman and J. L. Jordan, were partners under the firm name of E. S. Wiseman & Co., and at that time E. S. Wiseman, as a member of said firm, entered into an agreement for the purchase of certain goods from plaintiff."

That the goods were purchased by E. S. Wiseman as a member of said partnership for and on behalf of the partnership and delivered by plaintiff to said partnership at Waurika, Okla.

Defendant Jordan answered by a general denial, and specially denied under oath that at any time alleged in plaintiff's petition or at any other time a partnership existed between the defendants, Wiseman and Jordan, under the firm name of E. S. Wiseman & Co., or any other name.

After the plaintiff in error had introduced his evidence and rested, defendant Wiseman having withdrawn his answer, defendant Jordan demurred to plaintiff's evidence. The court sustained his demurrer.

Plaintiff in error assigns four errors: First, that the court erred in overruling plaintiff's motion for new trial; second, that court erred in sustaining defendants' demurrer to plaintiff's evidence; third, that the court erred in rendering judgment in favor of defendant Jordan; and, fourth, that the court erred in refusing to admit in evidence certain portions of the depositions of William Moning.

We are of the opinion that all four of these assignments of error are well taken, and that the action of the trial court as complained of therein constitutes reversible error.

"Exhibit B.

"The Jordan Company, Bonded Abstracters, Real Estate, Loans, Abstracts, Insurance, Collections.
"References:    First National Bank, First State Bank.
"4.422.33    Marietta, Okla., Nov. 15th, 1911.

Your stock as per inventory_____$2,250.00
E. S. Wiseman, cash_____$1,500.00
Loss and gain owned_____$2,172.33

Total assets_____$5,922.33

"Partnership is to be equally and to run for a term of three years unless terminated by mutual consent; when terminated, if division of goods should be desired, J. L. Jordan to accept back any goods then on hand which may have been put into said business by him.

"E. S. Wiseman to draw from said firm as

salary for managing said business the sum of $75.00 per month.

"E. S. Wiseman to have option of buying the interest of said J. L. Jordan for the sum of $2,250.00 at any time during the first six months from above date, paying for same in the following manner: $250.00 cash at the time of transfer and $50.00 per month thereafter until the sum of $2,000.00 together with interest is paid, said above deferred payments are to draw interest at the rate of 8 per cent. per annum, from date, until paid.

"[Signed] E. S. Wiseman.
"[Signed] J. L. Jordan."

This Exhibit B was offered in evidence before the jury at the trial, and was admitted in evidence by the court without objection, and read to the jury. This made out a prima facie case of partnership against the defendants. The defendant Jordan having denied in his verified answer that he is or was a member of the partnership, the burden is upon the party alleging the partnership, in this case the plaintiff, to prove it, and this is a question of fact for determination by the jury under proper instructions from the court. Strickler v. Gitchel, 14 Okla. 523, 78 Pac. 94.

The following letter was offered by the plaintiff and admitted in evidence.

"Exhibit C.

"W. N. Moore,                    B. B. Morton,
    Manager.                        Asst. Mgr.
            "Metropolitan Hotel.
                "European Plan.
                "Ft. Worth, Texas.
        "Geo. T. Stillman, Proprietor.

                            Dec. 2, 1911.

"J. L. Jordan, Marietta, Okla.—Dear Jesse: My wife met me here as I had expected and we went on to Dallas, where she bought her millinery goods (and I have paid cash for same).

"I had all yesterday with Moning Dry Goods Co. and bought about $1,310 worth of goods and went back to Dallas and had all of her stuff shipped out and stopped off here on my way back home to see if the Moning bill had been shipped and they had held the goods up because our trade had been changed.

"I told them of the change which we had and also of our prospects of getting Joe W. in with me and in fact of all our changes (except I did not tell them of the change of name of firm), and when I ret. here this afternoon and went up there they had withheld shipment wanting to know from you whether or not you would agree to let the goods go forward—and in the future—or at such time as you & I might agree the debt could be changed—Now, Jesse, I wish to say that if you are willing to let this shipment come on through in name of E. S. Wiseman & Co., the name which we had agreed on—I will take care of the account—I would expect to pay them $300 or $400 cash and

then keep monthly payments up. Now, you do just as you please, for not one cent is going to be bought and charged to E. S. W. Co. without you consent, in fact, all bills bought to-day and paid for in Dallas were bought in name of E. S. Wiseman. Moning has been trying to get you by phone (even calling Okl. City) and I have to get ready to go home on 9:00 train. So you do as you like—if you don't care to take a chance just let me know (not them) but I will run it through as we understood—I will be at home to-night and will open the store to-morrow, having bought some real good bargains in Dallas—some good ones and all paid for.

"Yours,                              Ed."

And the following telegram in answer thereto, and in answer to a phone message from Wiseman to Jordan, was offered by the plaintiff and admitted in evidence as Exhibit D:

"Exhibit D.

"The Western Union Telegraph Company, Incorporated.

"25,000 offices in America Cable service to all world.

"Theo. N. Vail, President.

"Belvidere Brooks, General Manager.

| Receiver's No. | Time Filed | Check |
|---|---|---|
| 4 | S.J | 18 pd |

"Send the following message subject to the terms on back hereof, which are hereby agreed to.

"Dated, Marietta, Okla. 12/5/191

"To To E. S. Wiseman, Waurika, Okla.

"Go ahead as outlined in your letter use your best judgment do not exceed limit is phoned.              Jesse L. Jordan."

This telegram was then mailed to the plaintiff by the defendant Wiseman, and then, and not until then, did the plaintiff ship the goods, wares, and merchandise bought by Wiseman for the partnership.

The questions of partnership, when it began, when it ceased, if it did cease, whether or not it was in existence at the time these goods were purchased, whether the goods were purchased by the partnership, whether or not the partnership is liable for the payment of same, whether, if the partnership had ceased to exist before the purchase of the goods, the plaintiff had knowledge thereof under sections 4462 and 4463, Rev. Laws of Oklahoma 1910, are all questions of fact for the jury to find and determine in the light of all the facts and circumstances in evidence before them touching such matters and things.

"When the question whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the evidence,

it is one of fact for the jury; and the court should not nonsuit or direct the jury to find a verdict for the plaintiff or defendant.

"Where it is shown that a partnership at one time existed, it will be presumed to continue, in the absence of testimony to the contrary. * * *

"Books, papers, accounts, and similar writings are admissible to show a partnership between persons who are described or referred to therein as partners. * * *

"Parties who have admitted that they are in partnership, either by express statements or by conduct, will be held to that admission.

"A prima facie case of partnership is made out against persons associated in a particular business by evidence that they share in its profits, pursuant to an agreement between them, by evidence that they have described themselves as partners in any writing, or by evidence that they are the common proprietors of the business conducted for their mutual profit.

"A presumption of partnership arises from the use of a name such as is commonly employed when a partnership exists."

Cobb v. Martin et al., 32 Okla. 588, 123 Pac. 422, and numerous authorities cited therein.

For the reasons stated, the action of the trial court in rendering judgment in favor of plaintiff and against the defendant Wiseman will be affirmed, and the action of the trial court in rendering judgment in favor of the defendant Jordan and against the plaintiff will be reversed, and the cause remanded, and a new trial ordered as between the plaintiff and the defendant Jordan, in accordance with the law as set forth in this opinion.

By the Court: It is so ordered.