**HARTFORD FIRE INS. CO. v. BAKER et ux.**

No. 15302.    Opinion Filed Sept. 13. 1927.

Rehearing Denied Oct. 18, 1927.

(Syllabus.)

1. **Insurance—Tourist's Policy — Liability for Loss of Articles Left in Public Conveyance by Insured.**

Defendant issued its "tourist's policy," wherein it insured the plaintiffs against loss of personal property arising through all the risks and perils of fire, lightning, navigation, and transportation, and the policy attached from the time the property insured was taken from the residence of the assured. The policy also provided that loss by pilferage or theft while the articles were in the custody of insured was not covered by the policy. Held, that loss occasioned by inadvertently dropping or leaving the articles in railway carriages or other public conveyances is covered by such policy, and recovery may be had thereunder.

2. **Evidence—Damages—Evidence of Replacement Value of Jewelry Insured.**

Section 6009, Comp. Okla. St. 1921, provides: "In estimating damages * * * the value of property to a buyer or owner there-

of, deprived of its possession, is deemed to be the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded as would suffice with reasonable diligence for him to make such a purchase." Held, that where plaintiff lost a piece of jewelry and immediately made inquiry of the dealer from whom the article was purchased, and inquired of other dealers in jewelry, the cost of replacing the lost articles, she may testify as the result of such inquiry, what the replacement value of the lost article was at the time of loss.

3. **Insurance—Judgment for Full Value of Article Lost Erroneous Under Terms of Tourist Policy—Other Insured Articles at Another Place at Time of Loss.**

Where in an action on a tourist policy of insurance, providing that, in case the property insured is in different places, the policy covers at each place that proportion of the whole amount of the policy that the value of the property in each place bears to the value in all, and that, in the event of loss, the policy shall pay such portion of same as the sum there y insured bears to the aggregate cash value of all the property covered thereunder, and at the trial of the case the evidence offered by plaintiffs shows the value of the lost article to be $800, and that portions of the property covered by the policy were in different places at the time of the loss, that the aggregate value of the property covered by the policy was $10,250 and that the amount of insurance carried was $4,000, it is error to render judgment against the defendant for the full value of the article lost, though defendant fails to plead such provision.

4. **Same—Appeal and Error—Modification of Judgment.**

Under section 780, C. O. S. 1921, this court has the power, on appeal, to modify the judgment of any county, superior, or district court, and where the record clearly shows the judgment of any such court to be excessive and the amount of such excess, and definitely, clearly, and satisfactorily shows the amount for which judgment should have been rendered, this court will modify the judgment accordingly. The judgment in the instant case is modified, reducing plaintiffs' amount of recovery from $800 to $312.20.

5. **Same—Evidence Justifying Submission of Case to Jury.**

Evidence examined: held, sufficient to sustain the trial court in submitting the case to the jury.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Frank A. Baker and Esther Baker against the Hartford Fire Insurance Company of Hartford, Conn., to recover on a tourist's insurance policy. Judgment for plaintiffs, and defendant appeals. Modified and affirmed.

Rittenhouse & Rittenhouse and Myers & Snerly, for plaintiff in error.

Benjamin C. Cooper and Harry A. Tallman, for defendants in error.

HERR, C. The defendants in error will be referred to as plaintiffs and the plaintiff in error as the defendant, as the parties appeared in the trial court.

Plaintiffs brought this suit against the defendant on a tourist's policy of insurance to recover the value of a diamond and platinum bowknot brooch which they allege was of the value of $800. The trial resulted in a verdict and judgment in favor of the plaintiffs in the amount sued for. Defendant appeals.

The policy sued on insures on baggage and personal effects of the plaintiffs and members of their family from the time the property insured is taken from the residence of the insured, and continues wherever said property may be, covering against all the risks and perils of fire, lightning, navigation, and transportation, including the risk of theft while being transported by any common carrier, in the sum of $4,000. The policy further insures against loss by theft from rooms occupied by insured in any hotel or boarding house and loss by theft of baggage while in transit in custody of any common carrier, providing such baggage has been properly checked. Said policy provides that loss by theft of articles in the custody of the insured in or on steamships, railroad cars, or other conveyances shall not be covered by the policy.

The plaintiffs allege that the loss of said brooch occurred on the 28th day of October, 1921, while Mrs. Baker, one of the plaintiffs, was a regular passenger on the train known as the Lake Shore Limited of the Grand Central Railroad lines, traveling between New York and Chicago; that in some manner not entirely clear to her, but arising out of the confusion and risks of transportation she misplaced and lost said brooch and that said loss was not occasioned by pilferage or theft.

At the close of plaintiffs' testimony, defendant moved the court for a directed verdict in its favor, which was, by the court, denied. This ruling is assigned as error.

It is contended by the defendant that the

evidence fails to establish that the brooch was lost while insured was traveling on the train, as alleged and contended by the plaintiffs. There is no direct evidence as to how the brooch disappeared. The only evidence which tends to shed any light upon the proposition consists of the testimony of the plaintiff, Mrs. Baker; the defendant offered no evidence. Mrs. Baker testified that she boarded the train at New York on the 28th day of October, 1921; that her destination was South Bend, Ind.; that immediately before she left the hotel in New York, she placed the brooch in her traveling bag; that she carried the bag in her hand on her way from the hotel to the train and it remained in her possession until she boarded the train; that the brooch was dropped into the bag loose; that she had, in addition to said brooch, in said bag, a Pullman robe, a night dress, and some toilet articles; that the bag was not locked; that she opened her bag in her berth at night upon retiring and took therefrom certain articles, and that she again opened her bag in the morning and removed therefrom certain toilet articles; that shortly after arrival at South Bend she opened the bag and discovered the loss of the brooch. She further testified that she kept the bag in her exclusive possession from the time she left New York until she arrived at South Bend.

It is the theory of plaintiffs that in removing some of the articles from the traveling bag, while on the Pullman, the brooch was lost. It is contended by the defendant that the evidence is insufficient to establish, as a matter of fact, that the loss so occurred, and contends that the court, therefore, erred in overruling its motion for a directed verdict.

We are of the opinion that there was sufficient evidence from which the jury might have reasonably inferred that the loss occurred as contended by the plaintiffs and that the court ruled correctly in submitting this issue to the jury.

Defendant further contends that, even though the plaintiffs' theory of the loss is correct, such loss is not covered by the policy of insurance. It is not contended that the property, while in the personal custody of the insured, was not covered by the policy, provided the loss was not occasioned by pilferage or theft. Defendant, in its answer, alleges the loss occurred by pilferage or theft while the article was in the custody of plaintiffs, and the burden of proving the loss, in such manner, was upon the defendant, but as it did not introduce, or attempt to intro-

duce any evidence in support of this defense, we assume it abandoned the same. If the policy covered any loss while the property was in the custody of the assured, the query presents itself: Under what circumstances could a loss occur while the property was in the custody of the assured that would make the defendant liable? It is necessary to consider what was meant by the term "all the risks and perils" of navigation and transportation.

The term "perils of navigation" has a fixed and definite meaning in law, as has the term "perils of transportation." In Pitcher v. Hennessey, 48 N. Y. 419, Earl, C., in discussing the term "risks of navigation," said:

"The learned judge who wrote the opinion of the General Term held that these words had a fixed legal signification, and meant the same as 'perils of the sea,' or perils of navigation.

"These latter terms are held to cover losses or damage, occasioned by stress of weather, winds, waves, lightning. tempest, rocks, sands and other extraordinary causes which no human care and foresight could guard against or prevent (Story on Contracts, sec. 166 2 Parsons on Mar. Law 219; Angell on Car sec. 168), and very likely they would not cover this peril But there is no case holding that 'risks of navigation' means the same thing as 'perils of navigation,' and there is no authority that I have been able to find defining or fixing the meaning of this term.

"Hence we are to construe these words in the connection in which they are used, applying the ordinary canons of construction."

In the case of Goix v. Knox, vol. 1, Johnson's Cases (N. Y.) p. 337, the following rule is announced:

"Where a policy of insurance contains the written clause 'against all risks,' it protects the insured against every loss happening during the voyage. except such as may arise from its fraudulent acts."

In the discussion of the case, the court. in its opinion at page 340, says:

"In the present case there is no warranty, either express or implied. nor any representation that the ship or goods were neutral property; and besides the usual risks inserted in printed policies, this policy declares that the insurance is to be 'against all risks.' (a) This expression is vague and indefinite. but if we allow it any force. it must be considered as creating a special insurance, and extending to other risks than are usually contemplated. We are inclined to give it a liberal construction, and apply it to all losses, except such as arise from the fraud of the insured."

Counsel for defendant cite numerous authorities construing the phrase "perils of the sea," and in the discussion of the case proceed throughout upon the theory that such phrase is synonymous with the phrase "all the risks and perils of transportation." In this we think counsel are in error, as shown by the authorities above cited. We, therefore, conclude that the loss comes within the terms of the policy sued upon.

In the trial of the case, the plaintiff, Mrs. Baker, was permitted to testify, over and against the objection and exception of the defendant, that she made inquiry of the firm from which she bought the brooch and at other places, as to the price at which said brooch could be replaced, and testified that she had some knowledge as to the value of jewelry and that it would take $800 to replace the brooch. The action of the court in admitting this testimony is assigned as error. The measure of damages in cases of this sort is defined by our statute, section 6009. Comp. Stat. 1921, as follows:

"In estimating damages, except as provided by the two following sections, the value of property to a buyer or owner thereof, deprived of its possession, is deemed to be the price at which he might have bought an equivalent thing, in the market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded as would suffice, with reasonable diligence, for him to make such a purchase."

The evidence offered seems to be in accordance with the provision of the statute above quoted and the court committed no error in overruling the objection to its introduction.

It is further contended by the defendant that the judgment is excessive and that the court erred in its instruction to the jury wherein the jury was instructed that, in the event they found plaintiffs were entitled to recover, they would be entitled to recover an amount equal to the price at which they could have purchased a like diamond and platinum brooch in the market nearest to the place where the brooch in question ought to have been put in their possession. We think this contention must be sustained. The policy sued upon contains the following provision:

"It is understood and agreed that, in case the property insured is in different places, this policy covers at each place that proportion of the whole amount of the policy that the value of the property in each place bears to the value in all; and that in the event of loss, this policy shall pay such portion of same as the sum hereby insured bears to the aggregate cash value of all the property covered hereunder."

It is contended by the plaintiffs that defendant in its answer did not plead its reduced liability under the terms of the policy above quoted, and, therefore, was and is not entitled to rely upon such provision as a defense either in the trial court or in this court, and to sustain this contention, cite the case of Liverpool, London & Globe Insurance Co. v. Cargill, 44 Okla. 735, 145 Pac. 1134.

In the case cited, action was brought on a fire insurance policy to recover damages for the total destruction of a building. There was attached to said policy a vacancy permit rider limiting the amount of recovery in case of loss by fire, while the building was vacant, to two-thirds of the loss or damage sustained. The court held that it was necessary for the defendant to plead the loss of the building while vacant in order to be entitled to the benefit of this provision, and in rendering the opinion, at page 737, uses the following language:

"The limitation upon the amount of recovery was dependent upon the building becoming vacant, and not the mere indorsement of the vacancy permit upon the policy. If the building was vacant at the time of the loss, and this fact had been pleaded as a defense, plaintiff's recovery would be limited as provided in the vacancy permit. Being a condition subsequent, it devolved upon defendant both to allege and prove a state of facts releasing it from the observance of its original undertaking to pay the full amount of the policy." (Emphasis ours.)

We think the cited case does not control under the facts in this case. Defendant, in the instant case, does not rely upon any condition subsequent to relieve it from its original obligation to pay the full amount of the policy. The policy insures in the sum of $4,000 various articles, the aggregate value of which, as shown by the evidence, is $10,250. The policy does not provide for the payment of the full value of the loss of any article, but on the contrary provides, upon its face, the manner in which damage occasioned by loss of any specific article shall be computed.

The burden was on the plaintiffs to prove their damage and the amount thereof resulting from the loss of the brooch. Plaintiffs introduced the policy in evidence and certainly are bound by its terms. The plaintiff, Mrs. Baker, established her own testimony that portions of the property covered by the policy were at several different places

at the time of the loss; that the value of all articles covered by the policy was $10,250; that the value of the lost brooch was $800. Such being the facts admitted by the plaintiffs, we must hold that they were not, under the terms of the policy, entitled to recover more than 4000/10250ths of $800, or $312.20, and that the judgment in excess of this amount is, to that extent, excessive.

The defendant was not obliged to plead this condition in the policy in order to avail itself of the benefits thereof, as is held in the following cases: Continental Ins. Co. v. Coons, 14 Ky. L. Rep. 136; McFetridge v. American Ins. Co., 90 Wis. 138, 62 N. W. 938; Hibernia Ins. Co. v. Starr (Tex.) 13 S. W. 1017.

In the case of McFetridge v. American Ins. Co., supra, in paragraph 2 of the syllabus, the following rule is announced:

"Where, in an action on a policy providing that, in case of additional insurance, defendant shall be liable only for the proportion of the loss his insurance bears to the total insurance, the proofs of loss furnished by insured, and put in evidence by him, show that there was additional insurance, it is error to render judgment against defendant for the total loss, though he failed to plead such provision."

In discussing the proposition at page, 939, the court says:

"The policy expressly authorized additional insurance on the property insured. and provided that, in case of other insurance thereon, then the defendant should only be liable for such ratable proportion of the loss or damage as the amount insured by the defendant should bear to the whole amount insured thereon, without reference to the dates of different policies or the solvency of the underwriters. It is true the defendant has not pleaded this provision of the policy, but the question here presented is whether the plaintiff is entitled to recover the whole amount of his loss from the defendant, under the policy and the admitted facts in the case. It appears from the proofs of loss furnished by the plaintiff. and put in evidence by him. that at the time of the fire. the plaintiff held policies of insurance upon the same property in three other companies—two for $1,000 each and one for $2,000. Such being the facts admitted by the plaintiff, we must hold that the defendant is in no event liable for any more than one-third of the amount of such loss."

In the case last above cited. in paragraph 1 of the syllabus. the holding is as follows:

"Where suit is brought on a policy of fire insurance which stipulates that the company will not be liable for a greater proportion of any loss than the sum thereby insured bears to the whole amount of insurance, and there is some evidence that the loss was less than the whole amount of insurance, it is reversible error to refuse to instruct the jury as to the pro rata liability of the defendant, though such limitation of liability was not pleaded by the defendant."

In the discussion of this case the court says:

"But appellee says defendant did not plead the matter so relied on. This is true; but we think it was not necessary to plead it, under the circumstances. Plaintiff sued on the policy, declaring that defendant agreed as follows, to wit: 'That in consideration of $17.50 by said plaintiff paid to said defendant, and of the agreements and conditions in said policy of insurance contained, etc.; and also setting up the fact that $1,000 additional concurrent insurance was permitted. Plaintiff also read in evidence the policy, with its conditions, which were a necessary part of it, and also testified, without objection, that he took out the other policy on the same property. Under these circumstances, the court should have instructed the jury as to law of the case made. Besides this, we are of the opinion that it devolved upon the plaintiff to show that he was entitled to recover, and how much he was entitled to under the policy."

The above cited cases are not in conflict with the holding of this court in the case of Liverpool and London and Globe Ins. Co. v. Cargill. supra, cited by plaintiff.

Counsel for defendant specifically excepted to that part of the court's instruction submitting to the jury plaintiff's measure of damages as hereinabove quoted.

We think the trial court erred in giving this instruction, but, as we view the case, this will not necessarily cause a reversal of the judgment.

Under section 780, C. O. S. 1921, this court has the power, on appeal, to modify the judgment of any county, superior, or district court, and where the record clearly shows the judgment of any such court to be excessive and the amount of such excess, and definitely, clearly, and satisfactorily shows the amount for which judgment should have been rendered. this court will modify the judgment accordingly.

Judgment should be modified allowing a recovery in the sum of $312.20, and as so modified should be affirmed.

BENNETT, DIFFENDAFFER. HALL. and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 32 C. J. p. 1166, §278a (Anno). (2) 33 C. J. p. 122, §850.

(3) 33 C. J. p. 90, §804; p. 146, 885: p. 147, §885 (Anno). (4) 4 C. J. p. 1149, §3157; p. 1158. §3170. (5) 33 C. J. p. 130, §863.