**COLORADO INTERSTATE GAS COMPANY, a corporation, Plaintiff in Error,**

v.

**Lyle WHEELER and Gertrude Wheeler, Defendants in Error.**

**No. 38478.**

Supreme Court of Oklahoma.

Oct. 6, 1959.

Lansden & Drum, Beaver, for plaintiff in error.

Miles & Miles, Beaver, for defendants in error.

DAVISON, Chief Justice.

This action was instituted by Lyle Wheeler and Gertrude Wheeler (plaintiffs) for damages against Colorado Interstate Gas Company, a corporation (defendant) arising from the laying of a pipe line across the land of the plaintiffs.

Plaintiffs' petition alleged the granting of a pipe line right of way easement to de-

fendant across irrigated lands of plaintiffs and that defendant was obligated to restore the lands to its former condition after completion of defendant's operations. The petition also alleged that because of the negligent operations of defendant the plaintiffs were compelled to re-level the land at an actual cost of $456 and that plaintiffs were unable to plant crops for the year 1957 and thereby suffered a further damage of $2,500.

Defendant's answer denied negligence and admitted an obligation to restore the land to its former condition and further admitted damages to the extent of $278.65 and that this amount had been tendered to plaintiffs and had been refused, and alleged that the land was restored after operations were completed.

Plaintiffs' evidence described the destruction of the irrigation contours and reflected payment of expenses of re-leveling of the land in excess of the sum of $456 (there was some evidence that this operation extended to areas not affected by the pipe line); that a portion of the affected area was planted but produced less because it could not be irrigated; and that other affected areas were not planted because of claimed inability to irrigate. Testimony relative to value of crops not produced because of this situation was introduced by plaintiffs. Defendant's evidence related the operations in laying the pipe line and in restoring the land and as to the items constituting the admitted liability of $278.65. The trial court instructed the jury that the measure of damages was such sum as would reasonably compensate plaintiffs for the damages sustained by them. The record does not reflect that defendant submitted any instruction as to the measure of damages. The defendant did not object or except to the instruction. The jury returned a verdict for plaintiffs for $1,509, and the trial court rendered judgment thereon. Defendant appeals.

■ Defendant urges that the trial court erred in overruling its demurrer to plaintiff's evidence and its motion for a directed verdict. In actions of legal cognizance a demurrer to plaintiff's evidence or motion for directed verdict should not be sustained unless there is an entire absence of proof tending to show a right to recover and in passing upon such a demurrer and motion the trial court must consider as true all of the evidence favorable to the party against whom the demurrer or motion is directed, together with all inferences which may be reasonably drawn therefrom and disregard all conflicting evidence favorable to the demurrant or movant. Cooke v. Townley, Okl., 265 P.2d 1108.

■ As tested by this rule of law the record reflects ample evidence to justify the trial court's action in overruling the demurrer and motion for directed verdict.

■ The defendant next contends that there was error in the assessment of the amount of recovery and that the verdict is not sustained by sufficient evidence and is contrary to law. The defendant cites in support of these contentions our decision in Franklin Drilling Co. v. Jackson, 202 Okl. 687, 217 P.2d 816, 19 A.L.R.2d 1015, in which we stated a measure of damages different from that given by the trial court herein and applicable to at least a part of the damages of the plaintiff. The errors, if any, of which defendant complains are not available to the defendant because of its actions in the lower court and in this court. At the trial the defendant made no objection to the instructions to the jury and did not submit an instruction containing what it contended to be the correct measure of damages. The defendant's motion for new trial and its petition in error filed in this court make no complaint concerning the instructions. These pleadings do, in fact, complain that the verdict is contrary to and in disregard of the court's instructions. The defendant's brief does not complain that the trial court's instruction on the measure of damages was not correct. The defendant has acquiesced in the measure of damages given to the jury by the court and is not now entitled to assail the verdict as erroneous in assessment of the amount or as

contrary to law, because it is not in accord with another and different measure of damages not submitted to the jury. Petroleum Pipeline Co. v. Lundy, 176 Okl. 319, 55 P.2d 963.

This was a law action and tried to a jury and in such case the verdict and judgment of the trial court based thereon will not be disturbed on appeal because of insufficiency of the evidence if there is any evidence reasonably tending to support it. Cook v. Townley, supra. It is our opinion there is evidence reasonably tending to support the verdict and judgment.

Judgment affirmed.