**CENTRAL MUTUAL INSURANCE COM-
PANY, Plaintiff in Error,**

**v.**

**Maria Magdalena F. I. DICKASON,
Defendant in Error.**

**No. 41836.**

Supreme Court of Oklahoma.

Feb. 18, 1969.

Rogers, Donovan & Rogers, by Gerard K. Donovan, Tulsa, for plaintiff in error.

Quinn Dickason, Tulsa, for defendant in error.

BERRY, Vice Chief Justice:

Action was instituted on an insurance policy by defendant in error as plaintiff, against the plaintiff in error, defendant insurer to recover the value, within policy limitation, of personal property assertedly stolen in a burglary. A jury was waived and the action tried to the court who entered judgment for $2,400.00 in favor of plaintiff.

Defendant alleges error in three propositions on appeal. The first proposition contains three specifications of error: overruling defendant's demurrer (to the evidence); in denying defendant's motion for directed verdict (motion for judgment); in refusing to grant defendant a new trial.

■ Defendant's demurrer to the evidence adduced by plaintiff was overruled. In an action at law a demurrer to the evidence of plaintiff should be sustained only when there is an entire absence of proof tending to show a right to recovery. Connelly v. Johnson, Okl., 385 P.2d 448, 450. The record discloses evidence was adduced by plaintiff, tending to demonstrate a right to recover, sufficient to overcome the demurrer to that evidence.

■ The second specification of the first proposition apparently is directed to the necessarily implied holding by the trial judge that the loss alleged was a covered risk under the policy sued upon. This was the trial court's ruling on defendant's motion for a directed verdict. In absence of a jury, such motion is a motion for judgment and is in effect a restatement of a demurrer. The correctness of the ruling upon defendant's demurrer to the evidence is the proper basis for the correct refusal to sustain the "motion for a directed verdict."

The defendant proceeded with its defense and, at the close of the case, again demurred and moved for a directed verdict. Error is alleged regarding the rulings on these motions. For the purpose of ruling on that motion and that demurrer, which again are effectually identical, the trial judge properly disregarded all evidence favorable to the defendant. National Life & Accident Ins. Co. v. Roberson, 180 Okl. 265, 68 P.2d 796; Prudential Fire Ins. Co. v. Trave-Taylor Co., 194 Okl. 394, 396, 152 P.2d 273. Consequently, the court's ruling at the close of defendant's case is founded on the ground justifying the previous ruling on basically the same issue, i. e., the sufficiency of all evidence tending to show a right to recovery. Allied Reserve Life Ins. Co. v. Cunningham, Okl., 355 P.2d 564, 567.

■ The third specification of error argued by defendant in the first proposition concerns the trial court's refusal to grant

defendant a new trial. Motions for new trial are addressed to the sound discretion of the trial judge, who is in a uniquely advantageous position to appraise the fairness of a proceeding. Trial judges are allowed a wide discretion in the premises and their action will not be disturbed on appeal unless it clearly appears error was committed in some pure, simple question of law, or that the decision is arbitrary or capricious. Nash v. Hiller, Okl., 380 P.2d 77, 80; Foltz v. Nicholson, Okl., 327 P.2d 692.

Defendant's second proposition asserts the loss was not a risk covered by the insurance contract. By the terms of that contract coverage "C" insured " * * * unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling owned, worn or used by the insured while on the premises, * * *." In the eleventh paragraph of the contract listing perils insured against theft is included, and is there defined as any act of stealing. The theory of the defense was that the property involved mysteriously disappeared, that it was not stolen by burglary, and consequently the loss is not compensable under the contract. No evidence was adduced by the defendant to sustain this theory.

A patrol officer of the Tulsa Police Department conducted an investigation on behalf of plaintiff at the time of the initial report. He testified there were pry marks on the front door, in his opinion made by a screwdriver or similar tool. A detective from the Tulsa Police Department testified on behalf of defendant, and stated that on the basis of tool marks on the front door and door facing it was "almost impossible to open the door on the basis of the tool marks." The witness was unable to state whether the marks were old or new. While that testimony is persuasive it clearly does not rise to the probative force precluding a contrary conclusion. The trial court, on this evidence, reasonably concluded that a burglary had occurred.

Alleged error in the trial court's evaluation of plaintiff's loss is the third proposition urged by defendant. Plaintiff testified regarding the value of a ring which had been custom made in Germany, using gems which had belonged to plaintiff's mother. Plaintiff also testified concerning the value of two other rings, based upon consultation with persons in the jewelry business. Such testimony is admissible under the authority of 23 O.S. 1961 § 92, and Hartford Fire Ins. Co., etc. v. Baker, 127 Okl. 166, 260 P. 6, 8, 55 A.L.R. 796. Other testimony was adduced by plaintiff from the person who gave her two of the rings, regarding the time of purchase and the cost. The evidence by plaintiff regarding value of the lost property was uncontroverted.

The judgment of the trial court based on the proof made is supported by the evidence and is therefore affirmed.

All Justices concur.